BACHE CUNARD, Respondent, *v.* CHARLES G. FRANCKLYN, Appellant.

In an action for the wrongful detention and conversion of personal property, defendant's answer denied the conversion and alleged that plaintiff placed the property with him under an arrangement and with power to use and invest it in transactions on joint account, and that heavy losses were incurred in the course of defendant's management of the estate, of all of which plaintiff had knowledge and was furnished with statements. No affirmative relief was asked by defendant. An application for a bill of particulars of the losses, referred to in defendant's answer, was granted. *Held*, no error; that defendant by setting up the losses in his answer was estopped from denying their materiality on the motion, and that the granting of the motion rested in the discretion of the court.

The power of the court to order either plaintiff or defendant to furnish a bill of particulars extends to all descriptions of actions, and the scope of the order is ordinarily a question of discretion, and so not reviewable on appeal.

(Submitted November 27, 1888; decided December 4, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 2, 1888, which affirmed an order of Special Term directing defendant to furnish to plaintiff a bill of particulars. (Reported below, 49 Hun, 233.)

The facts are sufficiently stated in the opinion.

*William Allen Butler* and *John Notman* for appellant. If the plaintiff objects to the defense as containing evidence in addition to the matter properly pleaded, his remedy was by motion to strike out the redundant matter. (*Al. Ins. Co.* v. *Cleveland*, 14 How. Pr. 408; *Nelson* v. *Blanchfield*, 54 Barb. 630; *Parsons* v. *Hughes*, 9 Paige, 591; *Adams* v.

*Sage,* 28 N. Y. 103.) The office of a bill of particulars is to apprise the party of the specific demands of his adversary (*People* v. *Monroe,* 4 Wend. 200); and to prevent surprise at the trial, and enable the adversary to prepare for trial. (*Moran* v. *Morrisey,* 28 How. Pr. 101.) It is very unusual to compel a defendant to give a bill of particulars, except where he sets up an affirmative claim. (*Tilton* v. *Beecher,* 59 N. Y. 176; *Butler* v. *Mann,* 9 Abb. 49; *Higgenbotham* v. *Green,* 25 Hun, 214; *Watt* v. *Watt,* 2 Robt. 685.)

*William C. Beecher* for respondent. The order is not reviewable in this court, unless it clearly transcends the power of the court granting it, as defined by the general course of practice in regard thereto. (*Witkowski* v. *Paramore,* 93 N. Y. 467; *Tilton* v. *Beecher,* 59 id. 180; *Dwight* v. *Germania Ins. Co.,* 84 id. 493.) The power of the Supreme Court to order bills of particulars extends to all descriptions of actions, and it may be exercised as well in behalf of plaintiff as of defendant. (*Dwight* v. *Ger. Ins. Co.,* 84 N. Y. 493; *Witkowski* v. *Paramore,* 93 id. 467; *Kelsey* v. *Sargent,* 100 id. 602.) An application for such a bill is the appropriate proceeding where a party seeks to be fully apprised of the particulars or circumstances of time or place, of the matters set forth in his opponent's pleadings. (*Tilton* v. *Beecher,* 59 N. Y. 176; *Dwight* v. *Ger. Ins. Co.,* 84 id. 493; *Eberhart* v. *Schuster,* 6 Abb. N. C. 141.) A defendant may be required to serve a bill of particulars as to matter set forth in his answer, which is effectual only as a defense, as well as to matter set up as a counter-claim. (*Kelsey* v. *Sargent,* 100 N. Y. 602.) A bill of particulars of a defense may be ordered, although the answer sets up a general release. (*Dissoy* v. *Rust,* 46 Super. Ct. [J. & S.] 374.) The order granting a bill of particulars is discretionary with the court, and will not be reversed on appeal unless there appears to have been an improper exercise of discretion. (*Longden* v. *Brown,* 1 How. Pr. [N. S.] 338.) The scope of the order is also discretionary, depending upon the circumstances.

(*Witkowski* v. *Paramore*, 93 N. Y. 467.) The defendant must prove on the trial not only authority, but also that he actually lost the plaintiff's money in such transactions. It is competent for the plaintiff to disprove the alleged losses, and to meet this defense the plaintiff is entitled to be informed of the particulars of such alleged losses. (*Witkowski* v. *Paramore*, 93 N. Y. 467; *Kelsey* v. *Sargent*, 100 id. 602.)

GRAY, J. If the court had the power to order a bill of particulars in this action, then its exercise of that power will not be reviewed by us. The purpose of its exercise, in every case, must be deemed to be, as it was said in *Dwight* v. *Germania Insurance Company* (84 N. Y. 493), "to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth by giving to each party all reasonable opportunity to produce his own proofs and to meet and sift those of his adversary." There is no restriction upon the power; it extends to all descriptions of actions, where justice demands that a party, whether plaintiff or defendant, should be apprised of the particulars of the facts his adversary expects to prove; and the scope of the order must ordinarily be a question of discretion to be governed by the circumstances. (*Dwight* v. *Germania Ins. Co.*, *supra*; *Witkowski* v. *Paramore*, 93 N. Y. 467.) Here the plaintiff has sued the defendant for the wrongful detention and conversion of personal property. The defendant meets the claim by an answer, which, while denying the conversion, also alleges that plaintiff placed his property with defendant under an arrangement and with power to use and invest the same in transactions on joint account, and that heavy losses were incurred in the course of defendant's management of the estate; of all of which the plaintiff had knowledge and was furnished with statements.

No affirmative relief is asked by the defendant; but he has elected to base his defense to the claim upon such allegations, in addition to the denial of the charge. It may have been unnecessary to add those allegations by way of defense; but,

by so doing, the defendant is estopped from denying their materiality on this motion. Nor can he be heard to complain, if the trial court orders him to furnish the plaintiff with the particulars of the losses alleged in his answer to have been incurred, through his transactions with the funds in his keeping, personal knowledge of which, it is to be presumed, is in him.

The provision of the Code is broad enough .to effect its evident design of investing the court with the discretionary power to compel a party to furnish his adversary with further information before trial, than is contained in his pleading, and we think that power may be exercised in such an action as this, when it seems to the court · that justice requires its exercise, under the circumstances disclosed by the pleadings and moving papers.

As it does not appear that the court has transcended its power in granting the order appealed from, this appeal should be dismissed with costs.

All concur.

Appeal dismissed.