# THE UNITED STATES LAND INVESTMENT COMPANY, APPELLANT, *v.* THE MERCANTILE TRUST COMPANY, RESPONDENT.

*Bill of particulars — when proper in an action to compel specific performance of a contract.*

In an action brought to compel a guaranty company to add its certificate to certain bonds given by the defendant, in pursuance of an agreement so to do, and to recover the damages occasioned by its failure to do so, the complaint alleged the making of the agreement; a compliance therewith on the part of the plaintiff; that the plaintiff had entered into large and important business contracts and enterprises, and contracted large pecuniary obligations which were greatly to its advantage, and from which it expected to realize large pecuniary profits, and that by reason of the defendant's refusal to perform its part of the agreement, the plaintiff was subjected to great pecuniary damages.

Upon the application of the defendant for a bill of particulars, to be furnished by the plaintiff, of these contracts and enterprises set forth in its complaint, the plaintiff claimed that the action, being one simply to enforce the specific performance of a contract that the bill of particulars should have been denied, alleging that the plaintiff, after the adjudication upon its demand for equitable relief, would seek, by subsequent proceedings in the action, to recover damages for the defendant's breach of contract:

*Held,* that the bill of particulars was proper in this description of action, where the circumstances are such that justice demands that the party should be informed of the matter for which he is to be tried with greater particularity.

That the whole subject could then be brought before the trial court, which could award damages, if the plaintiff's cause of action was sustained in that respect, and thus avoid the circuity of action which would be involved in sending the question of damages to be investigated by a referee.

APPEAL by the plaintiff, from an order made at the New York Special Term and entered in the office of the clerk of New York county, September 9, 1889, directing the plaintiff to furnish the defendant a bill of particulars.

*Walter S. Cowles,* for the appellant.

*Allan McCulloh,* for the respondent.

BRADY, J. :

This action was brought to compel a specific performance of an alleged agreement relative to the certification of the plaintiff's bonds by the defendant, and to recover damages suffered in consequence of the defendant's alleged refusal to perform the agreement. The complaint, after stating the making of the agreement suggested, and compliance with its terms, alleges that the plaintiff had entered into large and important business contracts and enterpises and contracted large pecuniary obligations, which were contracts and enterprises greatly to its advantage and from which it reasonably expected to and would realize large pecuniary profits if the defendant had performed its contract; and, further, that by reason of the defendant's refusal to perform its part of the contract, the plaintiff had been and was subjected to great pecuniary loss and damage. Upon these allegations the learned justice in the court below thought the defendant entitled to a bill of particulars, as sought, of these contracts and enterprises, and of what profits were expected therefrom.

The learned counsel for the respondent seems to contend that the action being one seeking only to enforce the specific performance of a contract, the application for the bill of particulars should have been denied *in toto,* urging, in reference to the prayer for damages, that the plaintiff would, after an adjudication upon his demand for equitable relief, seek, by subsequent proceedings in the action, to obtain damages for the defendant's persistent and continued breach of the contract, and thus to avoid multiplicity and circuity of action. But this view cannot be sustained. A bill of particulars is proper in all descriptions of actions where the circumstances are such that justice demands the party should be informed of the matters for which he is to be tried, with greater particularity. (*Tilton* v. *Beecher,* 59 N. Y., 176, 184; *Dwight* v. *The Germania Life Ins. Co.,* 84 id., 493, 505; *Cunard* v. *Francklyn,* 111 id., 511.)

Without considering, therefore, the discretionary element involved in directing the order, it is quite apparent that it should have been granted. The defendant should not be subjected to a trial or called upon to answer charges so indefinite as those contained in the complaint, and to which reference has been particularly made; nor should the defendant be required to go to trial, as long as the claim for damages remains, without a full exposition of all the elements of which they are composed. The whole subject, that view being carried out, would be before the trial court which could award damages if the plaintiff's cause of action was sustained in that respect, and avoid circuity of action by not sending the subject of damages to a referee for investigation. The direct mode of disposing of the issues presented by the pleadings is that which the courts will favor, invariably, as the most speedy and the least expensive way to determine them.

For these reasons the order appealed from should be affirmed, with ten dollars costs and the disbursements.

DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.