## DUFFY *v.* RYER.

*(City Court of New York, General Term.　February 8, 1892.)*

1. PLEADING—BILL OF PARTICULARS—ACCOUNT STATED.
　　Under Code Civil Proc. § 531, which provides that "the court may, in any case, direct a bill of particulars," defendant will be entitled thereto, though the action be on an account stated. *Hoff* v. *Pentz,* 1 Abb. N. C. 288, distinguished.
2. SAME—BILL OF PARTICULARS—WHEN DENIED.
　　Defendant, in an action on an account stated, moved for a bill of particulars which was directed and served, and again moved for a further bill which was also served, comprising some 700 or 800 items, in 36 pages.　After service of amended complaint for the same cause of action defendant moved for another bill of particulars. *Held,* that the motion was properly denied.

Appeal from special term.

Action by Edward Duffy against William W. Ryer on an account stated. From an order denying a motion for a bill of particulars, defendant appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

*Kneeland, Stewart & Epstein,* for appellant.　*G. R. Hawes,* for respondent.

VAN WYCK, J.　The first paragraph of the amended complaint alleges that between certain dates one Hawes "rendered professional services to this defendant at his special instance and request," and the second and third allege that on a certain date "an account was stated between said Hawes and this defendant, and upon such statement a balance of $500 was found to be due from this defendant to said Hawes," which defendant promised to pay, but neglected to so do, and the fourth and last paragraph alleges that "the said claim against the said defendant was duly assigned by said Hawes to this plaintiff," and the prayer is for judgment for $500.　The defendant's motion was for "a bill of particulars of the account set forth in the complaint, setting forth each and every service claimed to have been rendered by plaintiff's assignor to the defendant, and the value of each and every act done," etc.; and the court below properly denied his motion, not because the action was upon an account stated, for the court has ample power to order a bill of particulars in an action simply and purely upon an account stated, and often does if the moving papers disclose such a condition of affairs as will force the conclusion that that is the best way to reach exact justice between the parties. And the decision made by the learned justice of the supreme court, in *Hoff* v. *Pentz,* 1 Abb. N. C. 288, who then was presiding at the busiest special term on the face of the globe, does not question this power of the court to so order a bill of particulars in such an action, but merely held that the conditions presented in that case did not justify him in ordering such bill, and that justice could best be reached between the parties in that action by an examination, before trial, of the plaintiff, and which he distinctly offered to direct by order.　·This decision is misunderstood, and is often cited before us as an authority against granting bills of particulars in such actions, and is sometimes adversely criticised, so it would be well if those who desire to sustain, as well as those who wish to assail, would read and consider it with more care, for the conclusion must be reached that it, as usually are all of his decisions, is good law, and was a wise exercise of discretionary power.　That the power rests with the court no one can gainsay, for section 531 of the Code in words says, "The court may, in any case, direct a bill of particulars," and so see the power, as exercised in extraordinary and celebrated cases, sustained by the court of appeals.　*Tilton* v. *Beecher,* 59 N. Y. 176; *Dwight* v. *Insurance Co.,* 84 N. Y. 493, and *Cunard* v. *Francklyn,* 111 N. Y. 511, 19 N. E. Rep. 92. And a well-considered opinion will be found in *Wells* v. *Van Aken,* 39 Hun, 315, sustaining the directing of service of a bill of particulars in an action on

an account stated. It must be remembered that the motion now under review was made after service of the amended complaint, and, although the record does not contain the original complaint, still it clearly indicates that it was for the same sum of $500 as the reasonable value of the professional services of the plaintiff's assignor, and shows that under the original complaint, and before service of this amended one, the defendant moved for a bill of particulars, which was directed and served, and again moved for a further and additional one, which, too, was directed and served, and the defendant avers at folio 29 "that the said bill of particulars comprised 36 pages and contains in the neighborhood of 700 or 800 items." From this it would seem that the court below had concluded that defendant could, from these bills of particulars, fully inform himself of every issue which could by any possibility be raised at trial, even if the action was not strictly on an account stated. However, it would seem to be on an account stated. The defendant has received fully as much information from his adversary as will enable him to safely meet the plaintiff at trial. The order appealed from is affirmed, with $10 costs.