bankruptcy can take the proper proceedings to recover the property of the bankrupt's estate.

The substantial question presented is whether, upon these papers, there is sufficient proof that the bankrupt was insolvent at the time the attachment was granted. The attachment was granted on the 15th day of March, and the petition to have the defendant adjudicated a bankrupt was filed on the 29th day of March, 14 days thereafter. There is no allegation as to the ground upon which it is sought to have the defendant adjudicated a bankrupt, but the trustee in bankruptcy alleges that at the time of the issue of such attachment and the levy thereof the defendant was insolvent. This was a positive allegation, under oath, by the trustee appointed to administer the estate in bankruptcy, and there is nothing to show that he did not have knowledge of the bankrupt's condition at the time the attachment was obtained. There is no evidence in opposition to this allegation, and under the circumstances there was sufficient proof to justify the court below in finding that this attachment was within those affected by the provision of the bankrupt law to which attention has been called. I know of no laches on the part of the trustee that would make this attachment valid, which is made void by the provision of the bankrupt act. I think, therefore, the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

(69 App. Div. 124.)

### EHRHARD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   February 7, 1902.)

RES GESTÆ—DECLARATIONS.
   Declaration of a person, made while looking from the window of a house, having a tendency only to corroborate his testimony that he then saw a street railway accident, is not admissible as part of the res gestæ of the accident.

Appeal from trial term, New York county.

Action by Louis Ehrhard, administrator of Mary Ehrhard, deceased, against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Charles B. Hubbell, for respondent.

HATCH, J. This is an action for damages for the death of the plaintiff's intestate, caused by the alleged negligence of the defendant, and is its second appearance in this court. Upon the former trial of the action the jury rendered a verdict in favor of the plaintiff, which, upon appeal to this court, was reversed upon the ground that the verdict was against the weight of evidence. 58 App. Div. 613, 68 N. Y. Supp. 457. It appears by the present record that a recovery has again been had upon practically the same state of facts as were

shown upon the former trial. The conclusion upon the former appeal that the verdict was against the weight of evidence was largely based upon the improbability of the testimony of the witness Nixon, who claimed to have seen the accident. The improbability which the court found to exist was sufficiently discussed in the opinion rendered with the decision, and it is not necessary to further refer to it.

It is quite evident that the plaintiff appreciated the necessity of corroborating the statements made by Nixon, and for that purpose called Nixon's wife, who gave evidence tending to establish what could be seen from the window at which Nixon claimed to have been when he saw the accident, which was the subject of investigation. If her story is to be believed, it is evident that Nixon's testimony was not so improbable as it appeared to be, but her statement as to the distance which she could see seems to be more improbable than was the testimony of Nixon. If a story more improbable than the one first told can be said to verify the first improbable story, then the plaintiff succeeded in corroborating Nixon's testimony. We do not deem it necessary now to express any opinion respecting it, as such question is for consideration by the jury. We think, however, that in the attempted corroboration of Nixon's statement by his wife a clear error was committed. It appears that at the time of the accident Mrs. Nixon was attending her baby, and did not witness it. She was asked, "Did your husband, while standing or sitting at this window, suddenly utter a cry to you, and say anything?" Defendant's counsel objected to the question as leading, irrelevant, immaterial, and not in rebuttal. The objection was overruled, defendant's counsel excepted, and the witness answered, "Yes, sir." Plaintiff then asked, "Did he say to you, 'Oh, I have seen a woman thrown from a car?'" To this question the defendant objected as leading, irrelevant, immaterial, incompetent, and not in rebuttal. After some colloquy between the court and counsel, plaintiff's counsel suggested that the evidence was admissible as part of the res gestæ, and upon this suggestion the court overruled the objection, to which ruling the defendant excepted, and the witness answered, "Yes, sir." To constitute evidence part of the res gestæ, it must be connected with the subject-matter under investigation. The subject-matter of the present action was the accident, and how it occurred, and the responsibility therefor. Declarations and exclamations of persons not present at the place where it occurred, and who did no act which contributed to the accident, are no part of the res gestæ, as they are in no wise connected with the occurrence itself. The rule is that, "when the act of a party may be given in evidence, his declarations made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence." Waldele v. Railroad Co., 95 N. Y. 274, 47 Am. Rep. 41. The exclamation of Nixon was not calculated to elucidate or explain the character and quality of the act which produced the accident, nor did it bear thereon. Its only tendency was to corroborate Nixon in the fact that he witnessed the accident by showing that at the time when it occurred he made an exclamation

concerning it, and the sole inference sought to be derived therefrom was that he would not have made such exclamation unless he had witnessed it, and thereby probability might be imparted to his testimony. Concerning the principal fact, viz., the accident, how it occurred, and who was responsible therefor, the testimony had no connection, and neither explained nor elucidated the principal fact; consequently, it was not admissible as part of the res gestæ. Declarations of parties and of witnesses are admitted under limited conditions, but the declarations must have connection in point of time with the transaction, and be in some measure explanatory of it. Mere proximity in time, or probability that the declaration is true, is not sufficient; the other elements must concur. Butler v. Railway Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738; Waldele v. Railroad Co., supra. The declaration of Nixon admitted in the present case does not fall within the rule. It was therefore error to admit it, for which reason, the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.