### RENZ v. LUGT.

(Supreme Court, Appellate Division, Second Department. December 28, 1911.)

PLEADING (§ 317*)—BILL OF PARTICULARS—RIGHT TO—ASSAULT AND BATTERY.
 It is improper to require one suing for assault and battery to furnish a bill of particulars of his injuries and of the items of his loss, where he does not claim permanent injury.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Kings County Court.

Action by Martin Renz against George Lugt. From an order sustaining a motion for a bill of particulars, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Benjamin T. Hock, for appellant.
Edward G. Nelson, for respondent.

HIRSCHBERG, J. The action is brought to recover damages for an alleged assault and battery committed by the defendant upon the person of the plaintiff. The allegation as to damages is a general statement to the effect that by reason of the assault and battery the plaintiff suffered damages in the sum of $2,000. The order appealed from requires the plaintiff to furnish a bill of particulars, itemizing in detail the injuries sustained by him from the assault and each and every item of his pecuniary loss and damage.

The complaint is very general in its terms, as is quite common; but there is no allegation in it of any permanent injury to the plaintiff. From the nature of the action, it is apparent that punitive damages may be recovered, and no charge is alleged of any specific damage. While the complaint in a proper case may be required to be made more definite and certain in its terms and allegations, I know of no authority for the proposition that a plaintiff may be required in an action for tort to furnish the items of his claim for damages. That he may not be required to furnish the particulars of physical injuries sustained, where there is no allegation of permanent injury, has often been decided. Ehrhard v. Metropolitan Street R. Co., 69 App. Div. 126, 74 N. Y. Supp. 551; English v. Westchester Electric R. Co., 69 App. Div. 576, 75 N. Y. Supp. 45; Ferris v. Brooklyn Heights Railroad Co., 116 App. Div. 892, 102 N. Y. Supp. 463.

The order should therefore be reversed, and the motion denied.

Order of the County Court of Kings County reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes