MARGARET A. O'BRIEN, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY and the KINGSTON CONSOLIDATED RAILROAD COMPANY, Respondents.

LENA TONSKEY, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY and THE KINGSTON CONSOLIDATED RAILROAD COMPANY, Respondents.

Third Department, March 5, 1919.

Pleading — bill of particulars — action against street railroad company — facts raising presumption of negligence — when plaintiff not required to give particulars.

Where a passenger upon a street railroad was injured when the car upon which he was riding collided with a locomotive of a steam railroad the fact of the collision raised a *prima facie* case of negligence against the street railroad, and hence the plaintiff should not be required to give bills of particulars wherein said company was negligent in the operation of its electric car.

A plaintiff should not be required to specify in bills of particulars facts which he will not be required to prove upon trial.

APPEAL in each case by the plaintiff, Margaret A. O'Brien and Lena Tonskey, from parts of orders of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 15th day of October, 1918, granting the motions of the Kingston Consolidated Railroad Company for bills of particulars.

*William H. Grogan* [*John T. Loughran* of counsel], for the appellants.

*William D. Brinnier*, for the respondents.

H. T. KELLOGG, J.:

These are appeals from orders requiring the plaintiffs in two actions to serve bills of particulars. The complaint in each

action alleges that the plaintiff was traveling as a passenger in an electric surface railway car of the Kingston Consolidated Railroad Company along a street in the city of Kingston; that the street is crossed by railroad tracks of the New York Central Railroad Company; that a locomotive engine of that railroad was moving on the tracks at the street intersection; that owing to the negligent operation of the electric car, and the negligence of both of the defendant railroad companies, the car and the locomotive came into collision; that as a result of the collision the plaintiff was injured. The defendant, the Kingston Consolidated Railroad Company, procured the orders which required each plaintiff to specify, among other things, the particulars wherein that company was negligent in the operation of its electric car. The plaintiffs could make out *prima facie* cases against the Kingston Consolidated Railroad Company upon the trials by showing the collision, for, under the circumstances, negligence on the part of that company would be inferable therefrom. (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 386.) Since the orders required the plaintiffs to specify in bills of particulars facts which they would not be required to prove upon trial they were in these respects erroneously granted.

The orders should be modified accordingly.

Orders modified as per opinion, and as modified unanimously affirmed, with ten dollars costs and disbursements to the appellants.