Arthur C. DeRoire, as Administrator, etc., of Marie DeRoire, Deceased, Appellant, *v.* Lehigh Valley Railroad Company, Respondent.

Fourth Department, May 16, 1923.

**Railroads — action for death of passenger — complaint alleged many acts of negligence, including collision with automobile — specific allegations of negligence do not deprive plaintiff of presumption arising from accident — plaintiff will not be confined to proof of specific acts — bill of particulars — plaintiff not required to give bill of particulars as to specific acts alleged — person suing in representative capacity not required to give bill of particulars as to age, occupation and income of deceased — bill should be denied also on ground that application was made for delay.**

In an action to recover damages for the death of plaintiff's intestate who was killed when a train on which she was riding was derailed, the fact that the plaintiff alleges many specific acts of negligence, including a collision between an automobile and the train, does not deprive him of the presumption arising from the happening of the accident, and the burden of proof still rests on the defendant to free itself from the presumption of negligence.

The fact that the plaintiff has alleged his cause of action with unnecessary particularity will not confine him to proof of the specific acts, unless the complaint clearly indicates an intention to limit the negligence to such acts, and if the plaintiff fails to prove the specific acts, he is not deprived of the benefit of the presumption of negligence arising from the happening of the accident.

Since the plaintiff may, on the trial, abandon the claims of specific negligence and stand on his general allegation, he will not be required to give a bill of particulars as to the specific acts of negligence alleged.

Nor will the plaintiff, who sues in a representative capacity, be required to give a bill of particulars as to the age, occupation and income of the deceased person. Furthermore, the bill should be denied in this case, since the inference is strong that the purpose of the motion was not to obtain needed information, but for delay and the annoyance of the plaintiff or other vexatious purposes.

SEARS and CROUCH, JJ., dissent, with memorandum.

APPEAL by the plaintiff, Arthur C. DeRoire, as administrator, etc., from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 3d day of February, 1923, requiring the plaintiff to serve a bill of particulars.

*Miller & Matterson* [*William F. Quinn* of counsel], for the appellant.

*Hubbell, Taylor, Goodwin & Moser* [*Clarence P. Moser* of counsel], for the respondent.

DAVIS, J.:

It is alleged in the complaint that on May 13, 1922, while plaintiff's intestate was a passenger on defendant's train, the train was derailed and she was so seriously injured that she died on May fifteenth. In subsequent paragraphs there are specific allegations of almost every conceivable act of negligence that might have caused or contributed to the accident, including an allegation that the train came into collision with an automobile at a highway crossing. These were followed by a general allegation of damages.

The defendant answered October 2, 1922. When the cause had been noticed for trial at a term to be held February 5, 1923, defendant's counsel moved on January 24, 1923, for a bill of particulars. Twenty separate items of particulars were asked, some of them trivial and many ridiculous and fantastic in their character; several were practically repetitions of others previously made. All were allowed.

When the relation of carrier and passenger exists there is both a contractual and legal duty on the former to carry the latter safely. If an accident occurs whereby the passenger is injured an action for damages may be brought either on the contract or in tort. The dividing line between such actions is often dim and uncertain. (*Busch* v. *Interborough Rapid Transit Co.*, 187 N. Y. 388, 391.) The carrier is bound to exercise a very high degree of care for the safety of its passengers. When an accident occurs causing injury, a presumption of breach of contractual duty or of negligence arises which calls upon the carrier for explanation. (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380, 386.) In such a case, as is often said, the doctrine of *res ipsa loquitur* applies.

The cause of the action here alleged is negligence. Counsel for respondent argues that by adding allegations of specific negligence the plaintiff has deprived himself of the presumption arising from the happening of the accident. With this contention we do not agree. Even though it appears there was a collision with some object not within the control of the defendant, the presumption persists. The derailment of the train and the resulting injury to the passenger charges the defendant with the burden of exculpating itself from presumable negligence. (*Bowen* v. *New York Central R. R. Co.*, 18 N. Y. 408; *Stauffer* v. *Metropolitan Street Ry. Co.*, 243 Mo. 305; *Dearden* v. *San Pedro, L. A. & S. L. R. R. Co.*, 33 Utah, 147, 152; 93 Pac. Rep. 271; 10 C. J. 1032.)

Though the plaintiff has alleged his cause of action with unnecessary particularity, he is not deprived of this rule. Nor will he on the trial be confined to proof of the specific acts unless the complaint clearly indicates his intention to limit the negligence to such acts. (*Roberts* v. *Sierra Ry. Co. of Cal.*, 14 Cal. App. 180; 111 Pac. Rep. 519; 10 C. J. 1029.) And if he fails to prove the particular cause of the collision and specific acts of negligence set up in his complaint, it does not deprive him of the benefit of the presumption of negligence arising from the happening of the collision, since that alone was the substance of the issue, and the particular cause alleged need not be proved. (*Walters* v. *Seattle, R. & S. Ry. Co.*, 48 Wash. 233; 24 L. R. A. [N. S.] 788; *Colorado Springs & Interurban Ry. Co.* v. *Reese*, 169 Pac. Rep. 572.)

The plaintiff on the trial may abandon the claims of specific negligence and stand on his general allegation. In that event, or if he attempted in the first instance to prove some of the specific charges of negligence and failed, the defendant would be required to explain the occurrence of the accident, for the management and control of the transportation of the passenger was wholly confided to its employees, and whatever occurred is presumptively within their knowledge. The fact that the complaint contains unnecessary allegations to support the cause of action does not change the rule which is based on the absence of other evidence of negligence, not on the absence or presence of other averments of negligence in the complaint. (*Loudoun* v. *Eighth Ave. R. R. Co., supra; Walters* v. *Seattle, R. & S. Ry. Co., supra.*)

Where the relations of the parties and the measure of their duty render it necessary to establish specific acts of negligence, a different rule as to pleading and proof applies. (*Dwyer* v. *Slattery*, 118 App. Div. 345; *Waller* v. *Degnon Contracting Co.*, 120 id. 389.) So also, under certain circumstances, where there is the relation of carrier and passenger on a street railroad. (*Alexander* v.

*Rochester City & B. R. R. Co.*, 128 N. Y. 13; *Grant* v. *Metropolitan Street R. Co.*, 99 App. Div. 422.)

The general rule, applicable in this case, is that the plaintiff should not be required to specify in a bill of particulars facts which he will not be required to prove upon the trial. (*O'Brien* v. *New York Central R. R. Co.*, 186 App. Div. 651.) In the case last cited the record shows that there were specific allegations as to negligent acts of the defendant on whose road the plaintiff was a passenger.

The last three items directed to be furnished in a bill of particulars relate to the elements of damage. Generally in a tort action where no special damages are alleged, the plaintiff will not be required to serve a bill of particulars itemizing his pecuniary loss. (*Renz* v. *Lugt*, 147 App. Div. 638; *Town Topics Pub. Co.* v. *Collier*, 114 App. Div. 191.) While the courts have sometimes required a plaintiff in an action to recover for personal injuries to furnish a bill of particulars as to permanent injuries and the length of time he is confined to his home (*O'Neill* v. *Interurban St. R. Co.*, 87 App. Div. 556), our attention has been called to no case, and we have discovered none, where a plaintiff suing in a representative capacity for damages for death by wrongful act, has been required to furnish a bill of particulars as to the age, occupation and income of the deceased person.

Even if under special circumstances we were inclined to grant such order, we think it would be unwarranted in this case. The inference is strong that the purpose of the motion was not to obtain needed information but for delay, the annoyance of the plaintiff, or other vexatious purposes. The granting of a bill of particulars in any action except one on an account, rests in the discretion of the court. (Civ. Prac. Act, § 247; *Fernet* v. *Stewart & Co., Inc.*, 163 App. Div. 112; *Ebin* v. *Equitable Life Assurance Society*, 177 id. 458.)

We find no sound reason for granting the order in this case. The order appealed from should be reversed on the law and the facts, with ten dollars costs, and the motion denied, with ten dollars costs.

All concur, except Sears and Crouch, JJ., who dissent for the following reasons: The plaintiff alleged in the complaint that the accident resulted from a collision between the train in which the decedent was a passenger and an automobile on a highway. The rule of *res ipsa loquitur* which ordinarily applies in case of a passenger injured in a derailment (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562), does not here apply, as common

experience does not warrant the inference that such an accident as is involved in this case is due to the railroad's negligence. (*Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Loudoun* v. *Eighth Ave. R. R. Co.*, 162 id. 380; *Griffen* v. *Manice*, 166 id. 188.) If the rule of *res ipsa loquitur* does not apply, defendant is entitled to particulars as to the negligence alleged in general terms.

Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.