BENJAMIN DOBLIN, Plaintiff, *v.* HEBREW CHILDREN'S HOME, INC., Defendant.

City Court of New York, New York County, November 21, 1929.

*Kaufman & Kessler*, for the plaintiff.

*Meyer Alterman*, for the defendant.

SHIENTAG, J. The bill of particulars plays a most important part in a litigation and is extremely helpful to both sides in the preparation of a case for trial. The tendency of the courts in recent years has been in favor of a liberal policy regarding such applications and to do away with the hair-splitting distinctions in the older cases, concerning what items do or do not call for the disclosure of evidence.

The modern conception is that, within reasonable limits, a litigant should reveal rather than conceal his case to the end that his opponent may not be taken by surprise at the trial. The older decisions dealing with bills of particulars are hardly to be taken as conclusive to-day. Any doubt on that score will be completely removed by an examination of the items recently allowed by the Appellate Division of the First Department in *Albert* v. *Hamilton Fire Ins. Co.* (226 App. Div. 789), order entered May 17, 1929.

The problem to-day apart from a simplification of the procedure in applications for bills is to secure greater uniformity in courts of first instance in passing on items requested. On the motion before me I hold that in an action for work, labor and services, when disobedience of orders by an employee is set up as a separate defense, he is entitled to a statement of the specific acts of disobedience of which the employer will complain at the trial. Motion for a bill granted as to items 2 to 10, inclusive; item 11, except as to names, and items 14 and 15; denied as to the remaining items. Order signed.