LILY DACHE et al., Plaintiffs, *v.* ABRAHAM & STRAUS, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, October 30, 1946.

*George F. Reid* and *John M. Keating* for plaintiffs.

*John J. Macchia* for News Syndicate Co., defendant.

DALY, J. Motion by plaintiffs for an order precluding the defendant, News Syndicate Co., from offering any evidence at the trial of this action as to the contents of documents of which plaintiffs have demanded a discovery and inspection pursuant to section 327 of the Civil Practice Act, which provides that where a document is referred to in the pleadings or affidavits, the adverse party may demand an inspection thereof by notice.

Plaintiffs are widely known as designers of women's hats and brought this action for libel and violation of their right of privacy (Civil Rights Law, § 50) allegedly resulting from an advertisement inserted by defendant, Abraham & Straus, Inc., in the newspaper " Daily News ", published by defendant, News Syndicate Co.

Defendant, News Syndicate Co., in its amended answer, alleged as an affirmative defense that the plaintiffs and certain corporations " *sold* " to New Era Hats, Inc., several original hats designed by the plaintiffs and " *authorized* " said New Era Hats, Inc., to manufacture and sell copies thereof to retail stores. Plaintiffs, by notice pursuant to section 327 of the Civil Practice Act demanded an inspection of the " contract of sale " and the " authorization ". The words " sold " and " authorized " do not necessarily denote written instruments or documents. Any such connotation is at best a surmise on the part of the plaintiffs and while their conjecture may be correct, it is not the defendant that refers to the documents, but the plaintiffs who infer their existence. Where documents are not mentioned in pleadings or affidavits, an inspection may be obtained only by order pursuant to section 324 of the Civil Practice Act. (*Schmoll Fils Associated, Inc.,* v. *Baltic America L., Inc.,* 231 App. Div. 231; *Zinner* v. *Meyers & Son, Inc.,* 181 Misc. 344.) It follows, therefore, that as to items " 1 ", " 2 ", " 4 " and " 5 " plaintiffs, if they desire an inspection, must comply with section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice.

As to item " 3 ", it is conceded that the terminology used in the answer sufficiently mentions a document to justify proceeding under section 327 of the Civil Practice Act. But the defendant contends that it does not have possession, custody or control of the original or a copy of that document and that, therefore, the notice cannot be complied with. It argues, by analogy to section 324 of the Civil Practice Act, that the court has no power

to compel discovery and inspection of any document unless the party has such document in his possession or under his control. This view is incorrect. A party referring to documents in his pleadings or affidavits can be required to afford a discovery and inspection of them, even though he does not have possession or control. As was said in *Schmoll Fils Associated, Inc.,* v. *Baltic America L., Inc. (supra,* p. 233): " * * * it is sufficient to note that under section 327 it is not necessary for the documents to be even in the possession of the adverse party. The mere fact that he has relied upon them in his affidavits or pleadings casts upon him the burden to discover and produce them to his adversary for inspection."

The defendant further argues against the preclusion order here sought that at the trial " it will have the subpœna power available for the production of the document which power it does not have now ". The power to issue a subpœna is not limited to trials. Section 403 of the Civil Practice Act specifically defines a subpœna as a process " requiring the attendance of a witness at the trial or hearing of a cause or the hearing of a motion *or before a referee or other person where proof or the production of books, papers or other documents is required.*" (Italics supplied.) It further provides that a subpœna may be issued by the attorney for a party to any action or special proceeding with the same effect as if issued by the court. The defendant's attorney has at present the same subpœna power that he will have on the trial of this action.

The further objection of the defendant that copies of these documents were denied to the plaintiffs on their motion for a bill of particulars is not in point. There is a difference in purpose between a bill of particulars and a discovery and inspection. The former is sought to amplify the pleadings in order to limit the issues; the latter to procure evidence in order to prove one's cause of action. (3 Carmody on New York Pleading and Practice, § 1093; 4 Carmody on New York Pleading and Practice, § 1273.)

Accordingly, the motion is denied as to items " 1 ", " 2 ", " 4 " and " 5 ", without prejudice to plaintiffs' right to move for an order pursuant to section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice, and it is granted as to item " 3 " unless within twenty days after service of a copy of the order to be entered hereon, defendant discover to the plaintiffs the document referred to therein. Settle order on notice.