In the Matter of FRAYDUN REALTY CORP., Petitioner. VITO FERRARO, Respondent.

Supreme Court, Special Term, Queens County, April 7, 1947.

*Solomon Gilbert* for petitioner.

*Martin M. Alpert* for respondent.

DALY, J. In a proceeding to fix the emergency rent for certain business space, petitioner moves to vacate respondent's demand for a bill of particulars.

The lease between the petitioner and the respondent provided for graduated rentals, and under such circumstances the emergency rent is determined by the reasonable rent fixed upon the basis of the rent charged for the most nearly comparable business space in the same building or other rental area (Business Rent Law, § 13; L. 1945, ch. 314, as amd. by L. 1946, ch. 273).

Petitioner concedes that the respondent would be entitled to a bill of particulars if the petitioner's application were to fix the *reasonable rent* pursuant to section 4 of the Law, but contends that respondent is not entitled to a bill of particulars in the present application to fix the *emergency rent* pursuant to section 13 of the Law. This section provides that " * * * the emergency rent shall be a reasonable rent * * * ", and it would seem logical that respondent is as much entitled to a bill of particulars in the one proceeding as in the other.

In any event, there is no reason to suppose that the Legislature did not intend the general practice and procedure in the Supreme Court to be applicable to proceedings of this nature. In *Cunard* v. *Francklyn* (111 N. Y. 511, 513) the Court of Appeals, speaking of the power of the court to order a bill of particulars, said: " There is no restriction upon the power; it extends to all descriptions of actions, where justice demands that a party, whether plaintiff or defendant, should be apprised of the particulars of the facts his adversary expects to prove; and the scope of the order must ordinarily be a question of discretion to be governed by the circumstances."

It follows that the respondent is entitled to a bill of particulars. Item 16 of the demand, however, is not proper and will not be allowed. Accordingly, the motion to vacate will be granted as to item 16 and in all other respects denied.

Submit order.