William T. Collins, S.
The petitioner in this discovery proceeding made demand upon respondent George Eado for a bill of particulars covering 42 items. The respondent does not object to 15 items. He moves to vacate 27 items of the demand on the ground that they are improper, immaterial or irrelevant, or require him to divulge evidentiary matters.
The amended petition charges the respondent with receiving from the decedent two checks aggregating $36,111.10, mingling the proceeds with his own property, converting the moneys to his own use, and failing to return the money to the decedent or account for it. In addition to denials, the answer alleges that the decedent delivered to the respondent the sum of $36,111.10 for the following purposes: (a) $18,000 in settlement of a claim of the respondent against Victor Csornoky for repayment of moneys loaned by the respondent to Csornoky; (b) $7,800 in settlement of a claim asserted by the respondent against Hungarian Discount & Exchange Bank of Budapest, Hungary; and (c) $10,311.10, in part, to effect a settlement of a claim of Charles Somlo against the same bank and a Swiss corporation and, in part, to reimburse the respondent for moneys advanced by him on behalf of or at the request of the decedent. On the return of the discovery order the respondent was examined at length on the matters set forth in his answer.
The purpose of a bill of particulars is to limit the proof to be offered at the trial and to prevent surprise. (Carmody on New York Practice, § 284; Harmon v. Peats Co., 243 N. Y. 473, 476.) It accomplishes its purpose by requiring one party to apprise Ms adversary of the facts he intends to *473 prove, and restricting the proofs to the matters so specified. (Matthews v. Hubbard. 47 N. Y. 428, 429.) The power of the court to order bills of particulars is very broad (Cunard v. Francklyn, 111 N. Y. 511, 513), and while ordinarily a court will not compel disclosure of matters of evidence (O’Keefe v. Young & Rubicam, 257 App. Div. 141, 144), it will do so where in a particular case justice requires amplification of the pleading (Doblin v. Hebrew Children’s Home, 135 Misc. 229). Under circumstances such as are here presented, justice would not demand the drawing of fine distinctions between matters of evidence and elaboration of the facts pleaded. Nevertheless, the court should not require particulars from a respondent as to matters which he need not prove upon the trial and which would become material only on a cross-examination testing his credibility. The penalty for refusal to give particulars would be the preclusion of respondent from giving evidence on the matters which he refused to particularize, but an order precluding this respondent from giving any evidence on the challenged items would not affect his defense in any way. As the court said in Townsend v. Halbert (194 Misc. 1033, 1035): “ [H]e doubtless would welcome a preclusion regarding them. It would be worse than useless for the court to make an order that it would be powerless to enforce.”
The respondent is interested in establishing that the decedent gave him $18,000 in settlement of a claim which the respondent asserted against another. He is not required to prove that the claim was valid and enforcible. Therefore, whether the debt was evidenced by a writing or writings and if so their contents, what was the relationship between the decedent and the third person, what authority the decedent had to act for the third person, whether a release had been given to the third person and if so its contents, whether the respondent had made demand upon the third person for payment, whether the demands were oral or in writing, what was the substance of the demand — ■ these and other items are designed to test the respondent’s credibility in respect of his statement that the decedent did in fact give him the money in payment of that claim. Other items have the same object in respect of other statements.
The motion to vacate the items of the demand is, therefore, granted as to all items specified in the notice of motion, except items 6 (o) and (p) and items 7 (b), and (c) and as to these four items the motion is denied.
Submit order on notice accordingly.