Frank Del Vecchio, J.
This is a motion for an order to vacate a demand for a bill of particulars made by respondent in a special proceeding to correct the assessment on petitioner’s real property. The motion is on two grounds: (1) that the demand is not authorized or permitted by law, and (2) that, if authorized, the demand is unnecessarily burdensome. In the alternative petitioner seeks to modify the demand by striking therefrom requests for matters claimed to be of an evidentiary character.
As to the first ground, it is the contention of petitioner, with which respondent does not agree, that bills of particulars are authorized only in “ civil actions” dealing with claims, and not in “ special proceedings ”, which are not actions and deal only with remedies; that the provisions of the Rules of Civil Practice as to bills of particulars have reference only to claims and pleadings in civil actions and do not apply to pleadings which do not constitute actions, citing as authority Matter of Union Nat. Bank of Troy v. Winchell (276 App. Div. 284).
The case cited however merely held that a bill of particulars may not be demanded in amplification of an affidavit, which is not a pleading. The argument made by petitioner that rule 115 of the Rules of Civil Practice makes a bill of particulars available only in an action and not in a special proceeding has very recently been before the Appellate Division, Fourth Department, in Blatter of Thoms (9 A D 2d 186). There the sole question on appeal was whether Special Term had the power to direct the service of bills of particulars in a special proceeding for the settlement of intermediate accounts of a trustee instituted *727 in the Supreme Court pursuant to article 79 of the Civil Practice Act. In refusing to restrict bills of particulars to actions, the court said (p. 187): “The rule [rule 115] should not be so narrowly construed.” In so deciding however, the court did not find it necessary to determine that a bill of particulars may be required in every special proceeding; rather it examined the nature of the proceeding under article 79 and the purpose and intent of rule 115, concluding that Special Term “ had ample authority ” to require the service of the bills.
So, in the case at bar, this court is of the opinion that a bill of particulars may appropriately be required. This special proceeding for a review of a tax assessment has all the elements of a litigation in a court of justice, similar to those in a civil action. The case was commenced by the service of a verified petition by one party against another, which served an answer and return; these are the pleadings which have raised issues to be tried. The petition is regarded as the complaint and the return as the answer. (People ex rel. Manhattan Ry. Co. v. Barker, 152 N. Y. 417, 431.)
A litigation has been held not a game to be won by confusing and embarrassing the opposition but a serious proceeding for the righteous determination of controversies in which counsel for all parties co-operate. (Jones v. Jay-Cobbs, 251 App. Div. 878.) The modern view of litigation is that it “ should reveal rather than conceal” one’s case to the end that the adverse party may prepare for and not be taken by surprise at the trial so that a just result may be obtained. (Doblin v. Hebrew Children’s Home, 135 Misc. 229; Knickerbocker Trust Co. v. Packard, 109 App. Div. 421, 423; Dwyer v. Slattery, 118 App. Div. 345; Globe El. Co. v. American Molasses Co., 207 App. Div. 9, 14.) In Dwight v. Germania Life Ins. Co. (84 N. Y. 493) the court said at page 502: “ Unless changed by statute law, the power of the Supreme Court to order bills of particulars is not confined to actions upon demands for money, made up of various items. It extends to all descriptions of actions, when justice demands that a party should be apprised of the matter for which he is to be put for trial, with more particularity than is required by the rules of pleading.” (Italics added.) (See, also, Cunard v. Francklyn, 111 N. Y. 511, 513.)
There are a number of proceedings in which the courts have held the general practice and procedure concerning bills of particulars applicable. Among them are special proceedings to fix the eiruM-geney rent for certain business suace (Matter of Fraydun Realty Corp. [Ferraro], 189 Misc. 217); to test the validity of a claim in Surrogate’s Court (Matter of Bird, 240 *728 App. Div. 747); for an accounting in Supreme Court (Marine Tr. Co. of Buffalo v. Pierce, 53 N. Y. S. 2d 710); to dispossess for nonpayment of rent in a summary proceeding (Clark v. Newton, 140 Misc. 510; 42 West 15th Street Corp. v. Friedman, 208 Misc. 123); to review the action of a Board of Supervisors in a certiorari proceeding (Matter of Gregier v. Cassidy, 205 App. Div. 774); and to review a determination of the State Liquor Authority (Matter of 67 Liq. Shop v. O’Connell, 273 App. Div. 68).
It is the conclusion of this court that the nature of the present special proceeding brought to review an assessment is such that the provisions of the Civil Practice Act and the Buies of Civil Practice relating to bills of particulars should be applicable thereto, and that by allowing such a bill the parties will be enabled intelligently to prepare for the trial of the issues presented by the petition and answer, surprise will be avoided and the proof will be limited to the matters specified in the bill, all of which will aid and assist the parties and the court in arriving at a just result.
As to the second ground, the court feels that the demand is not unnecessarily burdensome; therefore that portion of the-motion which seeks to vacate the demand on the two grounds heretofore mentioned is denied.
The court will now undertake to determine which items of the demand, if any, should be modified.
The proper standards to be applied in deciding whether the demand should be modified are set forth in many court decisions : The purpose of a bill of particulars is merely to explain and make definite the allegations set forth in the pleading and thus to limit the proof to be offered at the trial (Harmon v. Peats Co., 243 N. Y. 473, 476) by apprising the opponent of the nature of the proof he will have to meet (Matter of Herle, 157 Misc. 352, 356); in other words, its object is to ascertain facts, not as they actually exist but as the party from whom the bill is sought will claim them to be when called upon to prove his case (King v. Craddock, 252 App. Div. 719), irrespective of the adversary’s knowledge thereof. (Solomon v. Travelers Ins. Co., 5 AD 2d 1017; Dwyer v. Slattery, 118 App. Div. 345, supra.) Particulars which seek evidence or the names and addresses of witnesses may not be had (Elman v. Zeigfeld, 200 App. Div. 494; Mertz v. de Landa, 260 App. Div. 1034; Goakes v. City of Oneida, 180 App. Div. 118; Burke v. Leitman, 112 N. Y. S. 2d 31; 4 Carmody-Wait, New York Practice, p. 628) and a party should not be required to specify in a bill of particulars facts which such party is not required to prove (Langan v. Cabot, 67 *729 N. Y. S. 2d 783, 786; O’Brien v. New York Cent. R. R. Co., 186 App. Div. 651) but which would become material only on cross-examination or be competent on the adversary’s side of the case. (Matter of Kadar, 3 Misc 2d 471, 473; Gerber v. Cunard White Star Ltd., 91 N. Y. S. 2d 434; O’Keefe v. Young & Rubicam, 257 App. Div. 141,144.) A bill of particulars is distinguished from a discovery and inspection, in that the former is sought to amplify the pleadings in order to limit the issues and the latter to procure evidence in order to prove one’s cause of action. (Dache v. Abraham & Straus, 187 Misc. 1001.)
The parties agree that the burden of proving the allegations contained in the petition asserting that the assessment is erroneous, unequal, excessive, unjust, unreasonable and illegal is upon the petitioner. In sustaining this burden petitioner will be required to prove the fair market value of the property or that the assessment is illegal. In appraising the value of the land and buildings a conclusion should be reached after consideration of some or all of the following items: location, cost, adaptable uses, profitableness of use, present and prospective, nature of improvements, their quality and method of construction, age, state of repair, depreciation, and reproduction cost less depreciation, comparable sales and every element which can reasonably affect the value of property, along with the opinion of experts on the subject. (Matter of Huie, 2 N Y 2d 168; Heiman v. Bishop, 272 N. Y. 83, 87; Matter of Melcroft Corp. v. Weise, 256 App. Div. 291, 292; Hoard v. Luther, 251 App. Div. 692; Matter of Board of Water Supply of N. Y., 277 N. Y. 452, 458.) If it is shown that the assessment is illegal it would be void.
Consideration has been given to the cases and text authority cited by respondent to justify the demand. Most of these cases deal with well-settled principles involving the admissibility and competency of certain types of evidence at the trial and are not authority for directing items requested to be furnished by a bill of particulars. Respondent in its brief states at page 7 that: “ The burden of proof, therefore, rests on the petitioners to show the assessment complained of is illegal or inequitable. It is for the defense of such proof that a bill of particulars is required in these cases, in order to permit the city to properly defend the tax proceedings as distinguished from the assessment itself, as the burden of going forward with the proof would shift from the petitioners to the respondent upon proof of the allegations of the petition.” As already pointed out, it is not the function of a bill of particulars to furnish evidence, but merely to amplify the petition. “ It is familiar law that a party *730 to an action will not be compelled to furnish particulars to the other respecting matters which are a part of the affirmative case of such other.” (Matter of Mullin, 143 Misc. 256, 260.) A bill of particulars may be had solely as to matters which must be affirmatively established by the one furnishing the bill.
Applying the rules above set forth, this court has concluded that respondent is entitled to the information requested in item 1, except the names and address of each tenant or occupant and the period of occupancy of any tenant under prior leases.
Petitioner docs not object to item 2.
Respondent is not entitled to items 3, 5, 6, 7 (part of this item may be answered by item 2), 8 and 9. (See Real Property Tax Law, § 720, subd. 3; Tax Law, former § 293.)
Respondent is entitled to item 4, except the name and address of any contractor.
Item 10 docs not appear in the demand in all cases; however respondent is entitled to particulars of petitioner’s claim that the assessment is illegal in those cases in which the petition so alleges and demand is so made.