PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, *v.* PREMIER BUILDING CORPORATION, Respondent, Impleaded with Others, Defendants.

Second Department, February 28, 1936.

*Leslie Clifford,* for the appellant.

No appearance or brief for the respondent.

HAGARTY, J.  The plaintiff foreclosed a mortgage on the property of the defendant corporation.  The amount of its judgment plus

expenses of the sale was $15,438.16. It became the purchaser on the sale on its bid of $13,750. There was an apparent deficiency of $1,688.16. The plaintiff moved to enter judgment for this deficiency, pursuant to the provisions of section 1083-a of the Civil Practice Act.

The matter was sent to an official referee to take proof of the value of the property and report. Evidence was taken by the referee, which included the assessed valuation in the year 1934, and proof of the sales of other property in the vicinity two years before. There was also testimony of expert witnesses. The referee, on consent of the parties, personally examined the property. From conflicting evidence, he found that the fair market value was from $14,000 to $14,750. This, on its face, would have permitted the entry of a deficiency judgment of about $750.

A motion to confirm the referee's report and to direct the entry of a deficiency judgment was denied. No action was taken by the learned Special Term on the finding made as to market value. Both parties were entitled to have the finding either approved or disapproved. The order in effect left them at the point from which they had started.

The plaintiff is entitled to have the fair and reasonable market value of the premises fixed as of the date of the sale or at such nearest earlier date as there shall have been any market value thereof, to the end that his right to enter a deficiency judgment may be determined. (Civ. Prac. Act, § 1083-a.)

On the other hand, the mortgagor may oppose the entry of a deficiency judgment if the fair and reasonable market value equalled or exceeded the amount of the judgment, i. e., if the obligation had been fully satisfied and discharged by taking title to the property. If the market value be less than the amount of the judgment, then the plaintiff is entitled to judgment for the deficiency — either as to the difference between the market value as determined by the court and the amount of the judgment, or between the sales price and the amount of the judgment, whichever shall be higher.

In normal times, the process of determining reasonable value is comparatively simple. In such times, evidence is taken of prices at preceding sales of the property or of similar property in the vicinity; the assessed valuation may be considered, together with the opinions of expert witnesses based on various considerations, such as location, facilities for transportation, rental value and the like. No one element is controlling in reaching a determination of market value. The attempt is to reach a conclusion,

as is often said, on a price between a willing buyer and a willing seller.

It requires no argument, however, to support the statement that for the past few years during this economic depression there has been no normal market in which proper values may be determined. No doubt there have been plenty of willing sellers, but practically no willing buyers — at least at normal prices. That is the reason for all these so-called "Moratorium Acts." So the field of inquiry as to market value has narrowed. Courts to a certain extent must adopt new standards. Many of the elements considered have, temporarily at least, become valueless. There are few sales and those are not made in a free, unrestricted market. Generally they depend on the necessities of the owner, of which the buyer takes advantage. They no longer furnish a standard of measurement. Nor can the sales in " boom " times be of determinative value. Nevertheless, the question must be determined.

The trier of the facts, in fixing market value at the time of the sale or at an earlier period, must depend on other proofs and standards. If prior sales there are of similar property in the vicinity that approximate fair values, they may be considered, as well as the assessed valuation. And so with the other elements, including the location of the property, its adaption to use, as well as its structure and cost, having in mind always the reasonable expectation that something like normal markets will again arise and that values of real property are more or less constant over a period of years. (*Central Realty Co.* v. *Board of Review,* 110 W. Va. 437; 158 S. E. 537.) It is a question of good judgment assisted by the expert opinions of those of experience who have witnessed fluctuations in value for a considerable period of time.

The question of reasonable value was not determined by the learned Special Term. The parties should have further opportunity to present proof, if so advised. Otherwise, upon the evidence taken, a finding of fair and reasonable value should be made by the Special Term to the end that the plaintiff may or may not become entitled to enter a deficiency judgment.

The order should be reversed on the law and the facts, without costs, and the matter remitted to Special Term, where the parties may proceed as they may be advised.

LAZANSKY, P. J., YOUNG, DAVIS and JOHNSTON, JJ., concur.

Order reversed on the law and the facts, without costs, and the matter remitted to Special Term, where the parties may proceed as they may be advised.