GERTRUDE M. LOHMANN, Appellant, v. JOSEPHINE H. MANNECK, Respondent. — Order vacating, on reargument, a deficiency judgment theretofore entered in favor of the plaintiff and against the defendant in the sum of $1,315.76 reversed on the law and the facts, with ten dollars costs and disbursements, motion denied, with ten dollars costs, and the deficiency judgment reinstated. Plaintiff foreclosed a mortgage on defendant's property at Lindenhurst, Suffolk county. The amount of the judgment, including expenses of the sale, was $7,465.76. Plaintiff moved to enter judgment for this deficiency pursuant to section 1083-a of the Civil Practice Act, and the matter was sent to an official referee to take proof of the value of the property " on the day of sale, or the consummation thereof, or such earlier day upon which there was a market value " and to report. Plaintiff's proof was to the effect that the fair market value was $6,150, which would leave an apparent deficiency of $1,315.76. Defendant's testimony was to the effect that the reasonable market value in the years 1928 and 1929 was $8,110, that 1929 was a boom year, and that there was a forty per cent depreciation of the property in 1935. The learned referee found that the " nearest market value obtaining " of the property was $6,150. We are of opinion that the finding of fact by the referee was supported by the greater weight of the testimony and should not have been disturbed. (See *President & Directors of Manhattan Co.* v. *Premier Building Corp.*, 247 App. Div. 297.) Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ., concur.

JAMES LYONS, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment in favor of the plaintiff and against the city of New York unanimously affirmed, with costs. Plaintiff sustained injuries by a fall caused by the difference in flagstone levels in the sidewalk on Washington avenue, Brooklyn. No defense was offered. Plaintiff's proof was that there was a difference of five inches between the levels and that another pedestrian had fallen within a month of the time that plaintiff fell. We are of opinion that the sidewalk at the point where the plaintiff fell was defective to the extent that an accident was reasonably to be anticipated because of the defective condition. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.