JACOB HEIMAN, Appellant, *v.* HENRY BISHOP et al., Respondents, Impleaded with Others.

(Argued September 30, 1936; decided November 24, 1936.)

*Gustavus A. Rogers* for appellant.

*Howard C. Taylor* and *Charles L. Fleming* for respondents.

HUBBS, J.   After a sale on foreclosure, appellant made a motion for a deficiency judgment under section 1083-a of the Civil Practice Act.   The matter was referred to an official referee who reported that at the date of the foreclosure sale on June 16, 1935, there existed "no fair and reasonable market value of the mortgaged premises," that the nearest date when there was such market value was in 1930, at which time the market value of the property was more than the amount of the mortgage.   The motion for a deficiency judgment was, therefore, denied.

Prior to the emergency legislation embodied in section 1083-a and other related provisions of the Civil Practice Act, a mortgagee was in a proper case entitled as of course to enter a judgment for the deficiency disclosed by the mortgage sale.   Owing to conditions existing in the real property market as a result of the depression, it became manifest that something must be done to relieve mortgagors from the hardship growing out of the position in which they found themselves.   Their unfortunate position has been described in detail by many court decisions.   It would serve no useful purpose to reiterate it.   (Cf. *Klinke* v. *Samuels,* 264 N. Y. 144.)

Section 1083-a and other related sections of the Civil Practice Act were enacted as emergency legislation to

relieve the unfortunate situation. Section 1083-a provides that no deficiency judgment shall be granted except as provided in the section; also that a motion may be made for leave to enter a deficiency judgment. It then provides: " Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order   *   *   *."

The purpose of the enactment, as has been repeatedly said, was to set up a new equitable standard for dealing with the question of deficiency judgments growing out of foreclosures; on the one hand, to protect unfortunate mortgagors, and, on the other, to allow mortgagees, when equitable in the circumstances, to secure deficiency judgments.

The section provides in effect that a deficiency judgment may not be entered in cases where " the fair and reasonable market value of the mortgaged premises " as of the date of sale equalled or exceeded the amount due and unpaid on the mortgage; and, in cases where· no market value existed at that time, that the court shall fix such value at " such nearest earlier date as there shall have been any market value thereof." In any event, the court is required to determine the market value of the premises either at the date of the sale or at such earlier date.

Prior to the depression, the method of determining the market value of real property was fairly well established by the decisions of the courts. In a general way, the market value of real property is the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell.

It is to be noted that in the various definitions of market value of real property stated by the courts there appears

the words "under ordinary conditions" or "under ordinary circumstances" or words of like import. Certainly, during the depression, ordinary conditions have not existed in the real property market. Conditions in that market have been extraordinary and unprecedented. The Legislature when it enacted section 1083-a understood those conditions and it was because of such conditions that the section was enacted. Nevertheless, the section requires the court to determine the market value of the premises. In the depressed condition of the market for real property, the old standard of market value has become utterly useless. The new and unusual conditions necessarily required a new standard for determining value, otherwise the section would have the effect of depriving mortgagees of deficiency judgments in practically all cases. That certainly could not have been the intent of the Legislature. The court below adopted the old standard. The learned referee during the hearing and in his report repeatedly stated that there was no fair and reasonable market value of the premises on the date of sale in June, 1935, or between that date and 1930, which he fixes as the "nearest earlier date" when there existed a market value of the premises. At the hearing, he stated "the question to be decided in cases of this kind is not the value of the property; the question to be decided is ' what is the fair and reasonable market value ' and for that purpose a market must exist. * * * what is the fair and reasonable market value has several times been determined prior to this emergency legislation. It must be an open market."

We think that the learned official referee adopted a view too narrow and strict, and contrary to the spirit and purpose of the statute. In carrying out the directions contained in the statute, the court should receive evidence of all elements that can in reason affect the value of the premises together with the opinion of experts upon the subject.

There is a marked distinction between the method of proving the market value of a commodity dealt in by many persons and in a large number of transactions, so that a definite price or range of prices is established and the commodity may be said to have a market price which is quoted in the market and varies from time to time, depending largely upon supply and demand, and the method of proving the market value of a particular piece of real property. In a proceeding under section 1083-a, the court should receive evidence of the age and construction of the buildings on the premises, the rent received therefor, assessed value, location, condition of repair, the sale price of property of a similar nature in the neighborhood, conditions in the neighborhood which affect the value of property therein, accessibility and of all other elements which may be fairly considered as affecting the market value of real property in a given neighborhood. With such evidence before it, the trial court, in the exercise of its best judgment, should determine the market value of the premises in the existing circumstances.

The learned official referee was influenced in arriving at his decision by a statement contained in the opinion in the case of *Klinke* v. *Samuels* (*supra*) to the effect that there is no market value of real estate of any kind. That was a general statement made in discussing the question as to whether section 1083-b was constitutional. It has no application to the question presented in this case.

The orders should be reversed and the case remitted to the Special Term to proceed in accordance with this opinion, with costs in this court and in the Appellate Division to the appellant.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.