LIGHTNING TYPOGRAPHICAL CRAFTSMEN, INC., Respondent, v. MAX HOCHMAN, Defendant; KENT STORES, INC., Appellant.— Order affirmed, with fifty dollars costs and disbursements. The order confirmed the recommendation and report of the official referee and adjudged that Kent Stores, Inc., is guilty of contempt of the court by reason of its misconduct in disobeying subpœnas after they had been duly served upon it, by failing to attend as a witness and produce its records, as directed by said subpœnas, upon the hearings before an official referee; and adjudged that the misconduct of Kent Stores, Inc., rendered it impossible for plaintiff to prove upon said hearings the damages sustained by plaintiff by reason of defendant Max Hochman's solicitation of the business of Kent Stores, Inc., which was one of the subjects of inquiry upon said hearings, and that the misconduct of Kent Stores, Inc., was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff; and adjudged that the Kent Stores, Inc., as punishment for its contempt, be fined the sum of $250, plus the sum of $100, adjudged to be a reasonable counsel fee for the services of plaintiff's counsel in these proceedings; and ordered and directed Kent Stores, Inc., to pay the fine to the plaintiff. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

LEO K. MARTUS, Appellant, v. THE NATIONAL BANK OF FAR ROCKAWAY and JOHN R. BURTON, Respondents.— The action is for alleged libel. Order dismissing the complaint under rule 106, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

ERNESTINE MINKNER, Appellant, v. HARRY CAMALAG and THERESA V. CAMALAG, His Wife, Respondents.— Order, in so far as it denies plaintiff's motion to direct the entry of a deficiency judgment, reversed on the law and the facts, with ten dollars costs and disbursements, and the matter remitted to the Special Term to try the issues, either before the court or a referee, and to make a finding of the fair and reasonable value of the premises. (See *President, etc., of Manhattan Co.* v. *Premier Bldg. Corp.*, 247 App. Div. 297; *Guardian Life Ins. Co.* v. *205 State Corp.*, 248 id. 736; *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292; *Heiman* v. *Bishop*, 272 id. 83.) Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.