AGNES E. HOARD, Appellant, Respondent, *v.* FLORIDA B. LUTHER, Individually and as Executor, etc., of JOHN J. L. FRIEDERICH, Deceased, and Others, Respondents, Appellants.

Fourth Department, June 30, 1937.

*William T. Plumb*, for the appellant, respondent.

*Heiby W. Ungerer*, for the respondents, appellants.

EDGCOMB, J. The question involved in this appeal relates to the amount of the deficiency judgment to which the plaintiff is entitled.

On November 18, 1925, John J. L. Friederich gave to the plaintiff a mortgage for $45,000 on certain real property located on Main street east in the city of Rochester, as collateral security for his indebtedness. The obligation was not paid at its maturity, and this action, to foreclose the mortgage, was commenced. The amount found due by the judgment of foreclosure and sale was $49,012.19. The property was bid in on the sale for $20,000, leaving a deficiency of $29,012.19. Plaintiff moved for confirmation of the sale, and for a deficiency judgment in such an amount as the court should fix and determine. The referee, who was appointed to ascertain the fair and reasonable market value of the premises, has found its worth to be $40,000 on November 23, 1934, the day of the sale. Plaintiff moved to confirm such report, but upon the hearing

of the motion withdrew her application, and joined with the defendants in requesting the court to make its own findings *de novo* upon the record before it. The Special Term refused to adopt the recommendations of the referee; it found that the mortgaged premises had no fair or reasonable market value on November 23, 1934, and that the earliest nearer date on which the property had any such value was in the year 1929, at which time it was worth $45,000. Deficiency judgment was ordered for the difference between that amount and the total due on said bond and mortgage. Both the plaintiff and the defendants appeal.

It is only when the mortgaged premises have no fair or reasonable market value at the date of sale that resort, under section 1083-a of the Civil Practice Act, can be had to the nearest earlier date when there was a market value. Any other interpretation of the statute would impair the obligation of a contract, and would be violative of the fundamental law of the land. While the Legislature may modify or change an existing remedy for the enforcement of an agreement, it may not weaken its binding effect. Public welfare, even during the period of an emergency, does not justify a disregard of the constitutional provisions against the impairment of contracts. (*Worthen Co.* v. *Kavanaugh,* 295 U. S. 56, 60; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 id. 398, 429, 430; *Sturges* v. *Crowninshield,* 4 Wheat. 122, 197; *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.,* 300 U. S. 124; *Beaver County Bldg. & Loan Assn.* v. *Winowich,* 323 Penn. St. 483; 187 A. 481, 921.)

It is very true that in many localities there have been but few sales of real property during recent years. The value of property, however, is not to be determined by sales alone. The Court of Appeals has recently said that, in fixing the worth of mortgaged premises for the purpose of determining the amount of the deficiency judgment to which the mortgagee is entitled, a too narrow or strict rule should not be adopted; that in carrying out the mandates of section 1083-a of the Civil Practice Act every element which can reasonably affect the value of property should be taken into consideration, along with the opinion of experts on the subject. (*Heiman* v. *Bishop,* 272 N. Y. 83, 87.)

In the case just cited the court mentions various items which may fairly be considered, such as the location of the premises, its accessibility, its assessed value, the age, nature, construction, and state of repair of the buildings, the rent received, the conditions in the locality, and the sale of similar property in the neighborhood.

This same rule has been consistently followed in other cases. (*Schnur Realty Co., Inc.,* v. *906 Intervale Ave. Realty Corp.,* 274 N. Y. 518; *Trustees of Sailors' Snug Harbor* v. *Lassaw Realty Co.,*

273 id. 609; *Central Hanover Bank & Trust Co.* v. *Kraft,* Id. 634; *President & Directors of Manhattan Co.* v. *Premier Bldg. Corp.,* 247 App. Div. 297; *Guardian Life Ins. Co.* v. *205 State Corp.,* 248 id. 736; *Irving Trust Co.* v. *Benann Holding Corp.,* 249 id. 731; *Wichmann* v. *Gehrke,* Id. 791; *Minkner* v. *Camalag,* Id. 825; *City Bank Farmers Trust Co.* v. *Cedar Rivers Corp.* Id. 718.)

Adopting the formula laid down in the foregoing authorities, we find ample evidence in the record from which the just and rational value of the premises in question at the time of the sale can be determined. That being so, that value should be adopted rather than the worth of the property back in 1929.

While defendants criticise the conclusions which the plaintiff seeks to draw from her evidence, they do not dispute the facts testified to. They have not attempted to give any evidence as to the value of the premises on the day of the sale, but have contented themselves by asserting that there were no sales of lands similarly situated at about that date, and that there was no market for commercial real estate of any kind at that time. They overlook the evidence relating to the various elements mentioned in *Heiman* v. *Bishop (supra)* which may be taken as a basis for fixing values. Defendants' evidence goes to the worth of the property back in 1929. In its opinion the court at Special Term says: " One of the primary difficulties here existing is due to the fact that the question of value as of the date of the sale was not litigated, neither was the question of value of the year 1929 litigated."

Plaintiff swore two witnesses, who were thoroughly informed as to the value of real estate in Rochester. One testified that the fair market value of the property on November 23, 1934, was $18,000, and the other puts it at $16,095. While the court is not bound to accept the conclusions of expert witnesses as to the worth of the property in question (*Tubiola* v. *Baker,* 225 App. Div. 420, 421, and cases there cited), the varied experience of these witnesses, taken in connection with the evidence relating to the various elements from which an appraisal can properly be made, would, in the absence of controlling evidence to the contrary, permit a finding that the justifiable value of the property on the day of the sale did not exceed $20,000, the amount of the bid. Defendants' failure to meet plaintiff's proof of value in 1934 was doubtless due to their misunderstanding of the rule laid down in *Heiman* v. *Bishop* (272 N. Y. 83). Under these circumstances we deem it proper to send the case back to the Special Term to allow such further proof of the worth of the mortgaged premises in 1934, as the respective parties may desire to present.

One word as to defendants' appeal. As before noted, the bond and mortgage were given by John J. L. Friederich. He died, and left the property in question to the three defendants. Section 170 of the Decedent Estate Law makes the next of kin or legatees of a deceased debtor liable for the latter's debts to the extent of the assets which they received from him.

Defendants urge that it would be inequitable, under the circumstances shown by this record, to permit a deficiency judgment to be entered against them for any amount. They point to the fact that they did not sign the bond; that the plaintiff sold the property to the mortgagor for $60,000, receiving $15,000 in cash in 1925, and taking back the mortgage in question for $45,000; that they have kept the property in repair, and have installed a new heating plant in the building; that they have paid the interest on the mortgage and the taxes up to 1934.

Were we to balance the equities and decide this appeal on the result, much might be said in favor of defendants' contention. But the rights of the parties here are fixed by a contract, and by the statutory liability imposed by section 170 of the Decedent Estate Law. Bonds and mortgages are agreements to be enforced according to their terms, and cannot be brushed aside or ignored simply because they result in a judgment which in a particular instance may work a hardship on some party.

For the reasons stated, we feel that the judgment appealed from should be reversed on the law and the facts, with costs to the plaintiff, and that the matter should be remitted to the Special Term to allow such further proof of the worth of the mortgaged premises in 1934 as the respective parties shall desire to present and that, when that question is determined, if it be less than the mortgage indebtedness, a deficiency judgment should be entered against the three defendants for the difference between the value of the property and the amount due upon the bond and mortgage, with interest from November 23, 1934, one-third thereof to be entered against each of the three defendants separately. Certain findings of fact disapproved and reversed.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, CUNNINGHAM and TAYLOR, JJ.

Judgment reversed on the law and facts, with costs, and matter remitted to the Special Term to proceed in accordance with the opinion. Certain findings of fact disapproved and reversed.