WILLIAM McCARTHY, Respondent, v. MARTIN JABLONSKI and Others, Defendants; CHARLES H. STOLL, WALTER F. STILLGER and EMILY S. TAPPEN, as Administratrix, etc., Substituted in Place and Stead of FRANK J. TAPPEN, Deceased, Appellants.— Plaintiff was the holder of a bond for $6,000, secured by a mortgage covering premises at Mineola, Long Island. Shortly after the bond became due, appellants, in consideration of the extension of the payment of the principal, guaranteed the payment of any deficit that might arise. Upon default plaintiff foreclosed the mortgage. The property was sold on December 20, 1935. At the time of the sale the amount due on the mortgage was $8,009.99. The property was bid in by plaintiff for $3,000. Thereafter plaintiff moved under section 1083-a of the Civil Practice Act to have the amount of the deficiency determined. The matter was referred to a referee, who reported there was no fair and reasonable market value of the mortgaged premises as of the date of sale and that the market

value on the nearest earlier date — 1929 — was $9,400. Plaintiff moved to vacate the referee's report and appellants to confirm it. The court set aside the report and fixed the market value at $6,580, leaving a deficiency of $1,429.99, for which sum judgment was entered. The court arrived at the market value as of the date of sale by accepting $9,400 as the value in 1929 and deducting thirty per cent for depreciation, or at the rate of five per cent per annum, from 1929 to 1935, inclusive. We believe this was error. (*Heiman* v. *Bishop*, 272 N. Y. 83; *President, etc., of Manhattan Co.* v. *Premier Bldg. Corp.*, 247 App. Div. 297.) We may, however, fix the amount of the deficiency judgment. (*Adler* v. *Barr*, 251 App. Div. 853; *Corn Exchange Bank Trust Co.* v. *Island Park-Long Beach, Inc.*, Id. 857.) Accepting the evidence of appellants' experts, the assessed valuation is only sixty per cent of the true value. On this basis the amount of the deficiency would be greater than the amount found by the court and for which judgment was entered. Under these circumstances the order and judgment may be affirmed. Order and judgment of the County Court of Nassau county unanimously affirmed, with costs. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.