MILTON J. BALLIN, Appellant, v. APPERSON REALTY CORPORATION, Respondent, Impleaded with Others, Defendants.

First Department, December 18, 1939.

*Abert Blumenlstiel* of counsel [*Bernard Brownstein* with him on the brief; *Jacobs & Blumenstiel*, attorneys], for the appellant.

*W. Howard Fisher* of counsel [*William Meyerson* with him on the brief; *Manheim Rosenzweig*, attorney], for the respondent.

COHN, J. The action was brought to foreclose a purchase-money mortgage of. $100,000. The mortgage indebtedness amounted to $105,256.76. Upon the foreclosure sale, held on April 10, 1936, the property was bid in by plaintiff for $50,000, resulting in a deficiency of $55,256.76. A motion was thereafter made for leave to enter a deficiency judgment, and the matter was referred to an official referee, who, upon proof taken, reported that " the fair and reasonable value of this property on the date of the sale in foreclosure was $110,000 and that the plaintiff therefore is not entitled to any deficiency judgment." The order appealed from adopted the recommendation of the learned referee.

We think the referee properly held that there was a market for the property as of the date of the sale in foreclosure. We are unable to agree with his finding that the value of this property on that date was $110,000 for the reason that such a conclusion is without support in the evidence.

There was no serious dispute as to the value of the property upon the date of sale and for the period just previous thereto. Two experts who testified for plaintiff valued the land and building at $65,000; one fixing the value of the building at $5,000, the other stating it was worth $10,000. A third expert for plaintiff appraised the property at $75,000, of which $70,000 covered the land value. The defendant's expert witness did not attempt to give a market value for the property as of the date of sale. They all insisted that in their opinion no market had existed for that property since the year 1931.

In the light of evidence in the record as to sales in the vicinity during the years 1935 and 1936 and giving weight to the other particulars concerning which evidence had been given, the referee was justified in disregarding defendant's testimony to the effect that there was no market for the property as of the date of sale.

It is only when the mortgaged premises are shown to have no fair and reasonable market value at the time of the sale, taking into consideration all elements which may fairly affect value, that resort may be had to the nearest earlier date when there was a market value. (*Heiman* v. *Bishop*, 272 N. Y. 83, 88; *Hoard* v. *Luther*, 251 App. Div. 692; Civ. Prac. Act, § 1083-a.) We are admonished by the Court of Appeals that in enacting section 1083-a of the Civil Practice Act it was not the intent of the Legislature to deprive mortgagees of deficiency judgments in practically all cases. (*Heiman* v. *Bishop, supra*, at p. 87.) The value of property for the purpose of fixing the amount of a deficiency judgment is not to be determined by sales alone. The pertinent rule for fixing market value of real property in a proceeding such as this

is concisely stated in the *Heiman* case (at p. 88), where Judge HUBBS, speaking for the court, said: "In a proceeding under section 1083-a, the court should receive evidence of the age and construction of the buildings on the premises, the rent received therefor, assessed value, location, condition of repair, the sale price of property of a similar nature in the neighborhood, conditions in the neighborhood which affect the value of property therein, accessibility and of all other elements which may be fairly considered as affecting the market value of real property in a given neighborhood. With such evidence before it, the trial court, in the exercise of its best judgment, should determine the market value of the premises in the existing circumstances." Evidence adduced before the referee embraced practically all the items thus enumerated and it included others.

The undisputed proof is that the property consists of a four-story and basement brownstone private house on the south side of Sixtieth street about forty feet east of Park avenue in the city of New York, erected in 1870, and that the dimensions of the land are twenty feet in width by one hundred feet in depth. Plaintiff purchased the property in the year 1914 for $36,000, renovated it at an expense of about $15,000 and thereafter maintained it for many years as his medical office. In November, 1931, respondent acquired title to surrounding properties and exercised an option which it had theretofore obtained to purchase the premises from plaintiff for $150,000, of which $50,000 was paid in cash. Over $10,000 had been recently spent by respondent in renovating the building so that it might be utilized for business and dwelling purposes. Its present annual rentals are about $5,000. The assessed valuation of the property for the year 1936 was $81,000, of which $70,000 was the value of the land and $11,000 for the improvement. The building is insured for loss against fire by plaintiff for $25,000. Concededly, it is located in an excellent neighborhood and in accessibility leaves little to be desired. A building expert called by respondent testified that the replacement cost of the building as of the date of the foreclosure sale was $35,000. It is to be noted too that in its written application made for a reduction of real estate assessment for the year 1936 the defendant corporation, by its president, stated that the fair value of the land and building was $50,000.

According full weight to these items and other factors, including the testimony of the experts as to the worth of the property, we are of the opinion that the sum of $95,000 is a fair and reasonable market value on the date of the sale, $70,000 of which is land value and $25,000 the value of the building. This leaves a deficiency

judgment in favor of plaintiff and against defendant-respondent in the sum of $10,256.76.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to plaintiff to enter a deficiency judgment against defendant-respondent in the sum of $10,256.76, with costs.

GLENNON and CALLAHAN, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

MARTIN, P. J. (dissenting). The plaintiff in a foreclosure action is not entitled to a deficiency judgment if the fair and reasonable market value of the mortgaged premises, as of the date of the foreclosure sale equaled or exceeded the amount due and unpaid on the mortgage. The referee here has not determined the " market " value.

One of the plaintiff's experts testified that, from 1930 to 1936, there was not a free market in the section where the property here involved is located. To establish the existence of a market in 1936 he testified to one sale in May, 1935 (which was part of an accumulation of plottage for a banking house), one sale in June, 1935, and another sale in May, 1936. He testified to foreclosure sales which, of course, are not an element to be considered for the purpose of establishing a market. Sales seventeen months apart are not sufficient to show existence of a market. Another expert produced by the plaintiff testified that the last time a fair and reasonable value for property of this kind existed was in 1928. The third expert offered by plaintiff testified: " Prior to 1931 there was a very active real estate market, and it ended in July of 1931. Then there was practically no real estate market, as generally conceded by the people until the last of 1935 and 1936, when there was considerable selling. There has been selling for mortgages, there has been selling of properties by people who took them over, and there has been selling by people who had to sell, and people who did not have to sell, willing buyers at prices they thought were reasonable, and could be obtained. There has been a market in 1935 and 1936, quite an active market. We have sold many pieces of property in that section."

He testified to the sale of sixteen or seventeen pieces of property in the immediate vicinity of the property which is the subject of this action, but he was unable to testify whether such sales were by owners who had acquired the same through foreclosure or were inter-family transfers.

Testimony was given on behalf of the defendant to the effect that a fair and reasonable market value for real estate ceased as of

1931; that there was always a market at a price, but it was not always a fair and reasonable market; that the fair and reasonable market value of this property when there last existed a market was more than sufficient to meet the mortgage obligation.

On the record we are of the opinion that, at the time of the sale in foreclosure, there was no " actual " market in which a fair and reasonable value could be obtained for this property. In arriving at the value of the property on the date of sale in foreclosure, the referee adhered to the instructions of the Court of Appeals in *Heiman* v. *Bishop* (272 N. Y. 83). We are of the opinion that the market value of the property here involved, as of the date of sale, is the value placed on it by the referee.

In *Heiman* v. *Bishop* (*supra*) the Court of Appeals pointed out that the object of the Legislature in enacting section 1083-a of the Civil Practice Act " was to set up a new equitable standard for dealing with the question of deficiency judgments growing out of foreclosures; on the one hand, to protect unfortunate mortgagors, and, on the other, to allow mortgagees, when equitable in the circumstances, to secure deficiency judgments." The record here discloses that the appellant acquired this property in 1914 and paid $36,000 therefor. The respondent purchased the property in November, 1931, for $150,000, paying $50,000 in cash and giving the seller a purchase-money mortgage for $100,000 at six per cent, which was, after two years, reduced to five and one-half per cent. In November, 1930, the respondent, who was then the lessee, spent approximately $10,192 in altering the premises, changing the same over from a one-family dwelling to a business property equipped to accommodate a restaurant in the basement and first-floor levels and apartments on the other three levels. The street is in transition from residential to business property. The foreclosure sale here took place in April, 1936, and the appellant bid the property in for $50,000. The appellant now has the property plus the $50,000 paid in cash in 1931 and is asking for a deficiency judgment of $55,256.76. Under all the circumstances the appellant is not entitled to a deficiency judgment.

The order, so far as appealed from, should be affirmed.

Dore, J., concurs.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and motion granted, with leave to plaintiff to enter a deficiency judgment against defendant-respondent in the sum of $10,256.76, with costs.