CITY BANK FARMERS TRUST COMPANY, as Successor Trustee under a Certain Trust Agreement Dated October 1, 1924, between THE BANK OF AMERICA NATIONAL ASSOCIATION and PRUDENCE-BONDS CORPORATION, Respondent, *v.* LAFAYETTE HOLDING CORPORATION and Others, Defendants, Impleaded with WILLIAM E. HAWKINS, Appellant.

First Department, March 15, 1940.

*Lloyd B. Kanter* of counsel [*Thomas F. Kiely* and *Joseph Fine* with him on the brief; *Lewis, Marks & Kanter*, attorneys], for the appellant.

*Gerard I. Walters*, for the respondent.

PER CURIAM. There is ample evidence in the record to sustain the award as a deficiency judgment. While we do not believe that the amount the grantee paid for the conveyance to him in blank can be relied upon as a basis of computation of the value of the property, still, the motives which prompted the transfer

may properly be considered. It is difficult to imagine that the defendant Hawkins would have conveyed the property to a stranger, if it had a value greatly in excess of the mortgage.

Testimony concerning all necessary elements as outlined in *Heiman* v. *Bishop* (272 N. Y. 83) can be found in the record. We are constrained to the view that the judgment, as entered, fairly reflects the damage which was suffered by the mortgagee. Consequently, the order and judgment should be affirmed, with costs.

Present — O'MALLEY, TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.; DORE, J., dissents and votes to reverse.

DORE, J. (dissenting). The referee's basic finding was clearly erroneous and not supported by the evidence. There was no actual sale or transfer of the premises in 1935. Yet her conclusions in the referee's original and supplemental report are identical even after the error was revealed. The determination of value herein was ultimately upon the basis of a single alleged prior sale and was shown to be without basis in fact. The premises were assessed in 1935 and 1936 for $290,000. The value was at least in excess of the mortgage indebtedness and the judgment and order in so far as appealed from should be reversed.

Judgment, and order so far as appealed from, affirmed, with costs.