Felix J. Aulisi, J.
These proceedings have been brought pursuant to article 13 of the Tax Law to review assessments filed during 1954 for 1955 taxes on seven parcels of real property in the city of Amsterdam. The proceedings were consolidated and referred to one Referee and were tried together. The Referee has reported and the petitioners now move to confirm said report while the respondent opposes confirmation.
We are concerned with two issues here, (1) what was the average assessment rate in the city of Amsterdam during, the. *946 year 1954 and (2) what was the fair market value of each parcel described in these proceedings on the assessment date for the year 1954?
The Referee, having taken considerable proof, recommends that the average assessment rate be fixed at 32% and has found the market value of the subject parcels at substantially less than the figures placed thereon by the respondent’s witnesses. It is obvious that the Referee has adopted the values arrived at by the petitioners’ three expert witnesses, all of whom are residents of the city of Amsterdam with several years of experience as licensed real estate brokers and appraisers whereas the respondent’s two expert witnesses, one of whom is a nonresident, although sincere and well-intentioned, had very limited experience in the city of Amsterdam.
The respondent contends that the Referee erred in receiving evidence of actual sales of real property during the year 1954 and the amount of the assessment of such parcels as proof of the ratio of the assessed values to true values. It is my belief that the Referee had authority to receive said evidence under the provisions of section 293 of the Tax Law, the pertinent part of which reads as follows: “ except that evidence as to actual sales of real property within the tax district that occurred during the year in which the assessment under review was made may be given by either party ”. (Italics supplied.)
In arriving at the average assessment rate the Referee followed the formula employed by Mr. Justice Francis Bebgan, a formula which has been approved by the Court of Appeals (People ex rel. Hagy v. Lewis, 280 N. Y. 184; People ex rel. Yaras v. Kinnaw, 303 N. Y. 224).
I, therefore, find and conclude that the ratio which the assessed valuation of the city of Amsterdam bore to its full value (or as has herein been referred to as “ the average assessment rate ”) for the year 1954 was 32%.
The evidence before the Referee discloses that an almost incredible variance and inequality of assessment exist in the city. This situation is not a matter of recent date but is one which has been created over a period of many years, and is such, that at the present time, a reassessment of the entire city appears very desirable.
We now come to the question of the market value of the subject properties and this is not easy of solution. Section 8 of the Tax Law provides as follows: ‘ All real property subject to taxation shall be assessed at the full value thereof ”.
“ Full value ” is synonymous with the term “ market value ” which means the amount which one desiring but not compelled *947 to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell. The statutory test of the full value of property is the price at which the property would sell under ordinary circumstances. Aside from the statutory provisions, that constitutes, indeed, the only practical test of full value where exactly similar property can be readily bought at a fair price in an open market from willing sellers or can be readily sold at a fair price to ready buyers (Heiman v. Bishop, 272 N. Y. 83; People ex rel. Owens v. Schmiedel, 30 N. Y. S. 2d 378; People ex rel. Parklin Operating Corp. v. Miller, 287 N. Y. 126).
It is a cardinal rule which should never be forgotten that whatever property is worth for the purpose of income and sale it is also worth for the purposes of taxation. There is not one rule for measuring value for assessments and another for purchase and sale. Various items ordinarily enter into the worth of real estate; its condition, the cost of its replacement, the purpose to which it is put, the public demand for such purpose, whether such demand is increasing or diminishing, the cost of its upkeep and management, the income which is derived therefrom, and every other element which can reasonably affect its value (People ex rel. Lehigh Val. Ry. Co. v. Harris, 168 Misc. 685).
Having considered all of the evidence produced before the Referee, I find and conclude that the full, fair and reasonable value of each of the subject parcels including all improvements thereon is as follows:
Harry V. Borst, 1-7 Market Street.......................... $93,750.00
Harry Y. Borst, 14 East Main Street........................ 27,000.00
Harry V. Borst, 75 Division Street.......................... 4,000.00
Charles Ferris, 273 Guy Park Avenue....................... 12,500.00
George and Norma Verkleir, 345 Guy Park Avenue............ 30,000.00
Mabel C. Borst, 15 Church Street........................... 21,875.00
Sanford Stud Farms, Inc., 2-10 East Main Street............ 93,750.00
I further find and conclude that the land values and taxable values of the assessed valuation of each of the above parcels should be reduced as follows:

Land Taxable

Value Value

Harry V. Borst, 1-7 Market St................. $9,200.00 $30,000.00
Harry V. Borst, 14 E. Main St.................. 5.760.00 8,640.00
Harry V. Borst, 75 Division St................. 1.280.00 1,280.00
Charles Ferris, 273 Guy Park Ave.............. 1.000. 00 4,000.00
George and Norma Verkleir, 345 Guy Park Ave... 4.000. 00 9,600.00
Mabel C. Borst, 15 Church St................... 3.000. 00 7,000.00
Sanford Stud Farms Inc., 2-10 E. Main St....... 24,000.00 30,000.00
*948 All findings of fact and conclusions of law in conflict herewith are disapproved and except as herein modified I confirm the report of the Referee. The respondent’s cross motion is hereby denied and in accordance with the stipulation of the parties hereto the Referee’s fees are fixed at $1,750 and his disbursements at $121.
Lastly a word about the Referee. The respondent’s attorney has not only made a bitter attack upon the Referee in his brief but has seen to it that it was given wide publicity. Such attack is wholly unwarranted by the facts in or outside of the record. Milburn D. Smith has practiced law for more than 30 years and is highly respected wherever he is known. He is a former president of the County Bar Association, is presently County Attorney and has served in various public offices for more than 20 years with dignity and ability. This court regards Mr. Smith as an attorney of ability, honesty and integrity and regrets the attack' made upon him.
Submit order accordingly.