■ LILLIAN E. MARSHALL, Appellant, v. FOX CARDWELL, JR., et al., Respondents, et al., Defendants.— Appeal by plaintiff from an order of the County Court, Tioga County, which denied her motion for leave to enter a deficiency judgment against defendants Cardwell and Eldridge in an action to foreclose a mortgage on real estate improved by a frozen food locker plant. The amount determined by the judgment of foreclosure and sale to be owing by the parties liable was $11,064.98; the court found that the fair and reasonable market value of the mortgaged premises on the date they were bid in at auction by plaintiff was $12,000. The evidence adduced upon the hearing embraces practically all of the elements considered pertinent to the fixing of market value in a proceeding such as this. (*Heiman* v. *Bishop*, 272 N. Y. 83, 88, motion for reargument denied 273 N. Y. 497.) We do not construe the decision as ignoring these factors merely because the court adopted the fair market value found by an expert whose figure was that of reproduction cost, less depreciation, but who testified that he also considered resale value, location, accessibility to a main truck route, water supply, adaptability to different and varying uses and potentialities. In any event, we find the valuation fair and proper upon all the evidence in the record which included testimony that the property sold for $15,000 about two years before the foreclosure sale and apparently for the same amount some 10 years before. Further, it is clear that plaintiff's only expert testified to a low market value on the basis of the use of the property as a locker plant while at the same time indicating that such plants were "about done" by reason of the general use of home freezers; but there was no substantial contradiction of the testimony of defendants' experts as to the adaptability of the building for other uses. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.