■ FARMERS NATIONAL BANK OF MALONE, Respondent, v JOHN W. TULLOCH et al., Appellants.—Appeal from (1) an order of the Supreme Court, entered August 8, 1974 in Franklin County, which confirmed the referee's report of sale and directed the entry of a deficiency judgment against defendants and (2) the deficiency judgment entered thereon. Following the entry of a judgment of foreclosure of a mortgage on certain premises owned by the defendants John W. Tulloch and Maryann P. Tulloch, on which they operated a gasoline service station, the referee sold the premises to the highest bidder on August 26, 1974 for the sum of $17,500. The referee's report concluded that the deficiency due to the plaintiff after the sale was in the amount of $36,914.09. On the motion to confirm the referee's report testimony was taken for the purpose of determining the fair market value of the foreclosed premises as required by section 1371 of the Real Property Actions and Proceedings Law. The court found the fair market value of the premises on the date of the sale at public auction to be $21,500 and directed entry of a deficiency judgment against defendants in the sum of $34,325.09. On this appeal defendants contend that the court was in error in valuing the property as of the date of the foreclosure sale in view of the impact of the energy crisis on the market for real estate used as gasoline service stations at that time. Upon the motion for leave to enter a deficiency

judgment, the court shall determine "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment." (Real Property Actions and Proceedings Law, § 1371, subd 2.) The foregoing statute continued in effect the prior provisions of section 1083-a of the Civil Practice Act, and contemplates a situation where, because of exigent circumstances in the economy, it may be impossible to determine the fair market value of the premises at the time of the foreclosure sale. Undoubtedly there was an energy crisis in 1974 when the sale took place. However, while the gasoline station business may have been depressed, it is clear that section 1371 of the Real Property Actions and Proceedings Law has reference only to the fair and reasonable market value of the mortgaged premises, and not the fair and reasonable value of the business conducted on the premises. Moreover, even though the value of the gas station property may have been depressed at the time of the foreclosure sale, it should not affect the mortgagee's right to a deficiency judgment. It is only when the mortgaged premises are shown to have no fair and reasonable market value at the time of the sale, taking into consideration all elements which may fairly affect value, that resort may be had to the nearest earlier date when there was a market value *(Ballin v Apperson Realty Corp.,* 258 App Div 264, affd 283 NY 754; 15 Carmody-Wait 2d, NY Prac, § 92:407). We conclude, on this record, that the court correctly found that there was a market for the foreclosed premises on the date of the foreclosure sale, and that its finding of the fair and reasonable value of the premises on that date was arrived at in accordance with the rule for fixing the market value for the purpose of establishing the amount of the deficiency judgment *(Heiman v Bishop,* 272 NY 83). Order and judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.