PEOPLE ex rel. WARD et al. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

1. TAXATION—INEQUALITY—EVIDENCE—SUFFICIENCY.
    Evidence that the ratio of assessing relator's property was above that of various other boroughs of the city, and largely in excess of its full value, was sufficient to sustain a finding that the assessment was illegal, as unequal.

2. SAME—SEPARATE LOTS—ASSESSMENTS—REDUCTION.
    The fact that wild beach land was divided into lots on the city tax maps, and that the assessment complained of was made against each lot separately, did not render a reduction of the assessment in gross illegal, as beyond the power of the court.

Appeal from special term, Queens county.

Certiorari by the people, on the relation of Jessie L. Ward and another, against Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York.   From an order of the supreme court confirming the report of a referee reducing an assessment of relator's property, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and SEWELL, JJ.

George S. Coleman, for appellants.
George G. Reynolds, for respondents.

HIRSCHBERG, J.   The relators complain of an assessment on two certain tracts of unimproved real estate fronting on the Atlantic Ocean in the former village of Rockaway.   This property had been assessed, before the formation of the Greater New York in 1897, at a valuation of $22,500.   In the assessment roll for 1899 it was assessed at a valuation of $208,900.   The relators protested against this assessment, and procured from the commissioners a reduction of $45,000.   Deeming the sum of $163,900 as still excessive and unequal, they sued out a writ of certiorari to review the assessment, under section 250 of the tax law (chapter 908, Laws 1896), and on the coming in and confirmation of a referee's report have procured a reduction to the sum of $67,500.   The record is voluminous, but the points presented on the appeal are few.   We find sufficient evidence to justify the findings of the referee and of the court at special term to the effect that the valuation as assessed was both excessive and unequal.   As to the question of inequality, it may be said that, in addition to the direct evidence upon that subject bearing upon the ratio of assessment adopted in the various boroughs of the city, the fact of an assessment of real estate at a figure very largely in excess of its full value necessarily involves inequality.   It cannot be assumed that assessments generally have been made far beyond the utmost market value of the property under the most advantageous conditions, and when such a one is established it follows that the proportionate rate must have been exceeded.   The property was divided into lots on the city tax maps, made pursuant to section 891 of the charter (chapter 378, Laws 1897), and the assessment complained of was made against each lot separately.   The reduction

70 N.Y.S.—35

was made by the court in gross, instead of by separate parcels, and it is claimed on behalf of the appellants that this action was illegal, and beyond the power of the court. It may be conceded that these maps should be followed in proceedings of this character, if for no other purpose than to avoid confusion; yet we think the court was not compelled, under the circumstances of this case, to adopt and adhere to the entirely arbitrary divisions which the department of taxes and assessments had established for the relators' tracts of land. It was apparently difficult, if not quite impossible, to ascertain from the evidence a basis of value on the fictitious theory that the wild beach land in question existed as city lots; and in estimating its value in the form in which it is held by the owners the court adopted a practical method, against which no valid legal objection can be urged. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.