In the Matter of the Application of WILLIAM R. CAHILL and Others, Respondents, for an Order to Show Cause, Addressed to CLIFFORD GOES and Others, Constituting the Board of Assessors of the City of Syracuse, New York, Appellants, Requiring Them to Appear and Show Cause Why the Assessment of the Property of the Petitioners upon the Assessment Rolls of Said City of Syracuse for the Year 1933 Should Not Be Corrected and Vacated by Said Board of Assessors.

(Also an application by same parties for the year 1934.)

Fourth Department, November 9, 1934.

*Edward L. Robertson, Corporation Counsel* [*James C. Tormey* of counsel], for the appellants.

*Hiscock, Cowie & Bruce* [*Daniel Scanlon* and *Maurice F. Lane* of counsel], for the respondents.

CROSBY, J. The petitioners, by means of orders to show cause in the nature of certiorari, sought reduction of their assessments for both the years 1933 and 1934. The assessment for each year was $567,000, and the orders appealed from reduced the respective assessments to $405,000. The two matters were tried together, before the County Court of Onondaga county.

.We are unable to say that the trier of the facts did not fix the value of the property involved in the controversy in accordance with the weight of the evidence. But appellants urge that, since the assessments were attacked on two grounds, viz.: (1) Overvaluation, and (2) inequality of the assessments in relation to assessments of other properties in the city, and since petitioners failed to make any proof of inequality of assessments, they have not shown that they were injured by the overvaluation of their property. Appellants argue that the principal aim of assessors is to assess each piece of property equitably in relation to the assessment of all other properties, and that, if that aim is accomplished, it makes no difference whether assessments be for full value, or half value, or ten times value, and in a sense that is true. Overvaluation of all properties in a city, provided the overvaluation is uniform, works no inequity among the property owners, and its only harm, if harm it be, is to increase the limit to which the city can issue its bonds. (State Const. art. 8, § 10.)

But the Tax Law (§ 290) provides that attack upon the validity of an assessment may be made upon either one or both of two grounds: (1) Overvaluation, or (2) inequality. The property owner does not have to establish both. If overvaluation is proven, inequality is presumed. (*People ex rel. Ward* v. *Feitner*, 61 App. Div. 456; affd., 168 N. Y. 677.)

If the property owner shows overvaluation of his property, how can the city claim that he should, in addition, prove inequality, by showing that other properties are assessed at their true value or less? It is the duty of the assessors to assess all properties at their true value, no more and no less. When the property owner shows overvaluation of his own property, and assumes that the assessors have done their duty in reference to every other property, by assessing at true value, the city cannot complain. The city cannot say: " You must prove that the assessors did their duty " in reference to all properties but one, when the owner of that one is willing to assume that they did their duty.

The case of *People ex rel. Rickey* v. *Hunt* (241 App. Div. 261) is easily distinguishable, assuming it was correctly decided. There the petitioning property owner stipulated as follows: " The relator * * * does not claim that the properties involved in these

proceedings are assessed unequally with or disproportionately to other properties," etc.

In our case there is no such stipulation of freedom from inequality, there is no finding on the subject of inequality, and no proof to support such a finding, and the burden was not upon the petitioners to show how the assessors assessed other properties, after showing that they overvalued theirs.

If it is advisable to throw upon property owners the burden of showing inequality of assessments, in addition to showing overvaluation, in the case of a particular assessment, that is a matter for the Legislature. The statute does not read that way now.

The judgment and order in each proceeding should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

In each proceeding: Judgment affirmed, with costs.