THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMAL-GAMATED PROPERTIES, INC., Respondent, against GEORGE W. SUTTON, as Assessor of the City of New Rochelle, et al., Appellants.

Argued April 20, 1937; decided May 25, 1937.

*Aaron Simmons, Corporation Counsel (William L. Moran* of counsel), for appellants. The property of the relator was assessed at its full market value. (*People ex rel. Interstate Land Holding Co.* v. *Purdy,* 206 App. Div. 606; 236 N. Y. 609; *People ex rel. Manufacturers Nat. Bank* v. *Hunt,* 241 App. Div. 261.) All property and improvements in the city of New Rochelle are assessed at the ratio of one hundred per cent to each parcel of land and improvements to its full market value. (*People ex rel. Powell* v. *Supervisors,* 54 Misc. Rep. 323; *People ex rel. Haile* v. *Brundage,* 195 App. Div. 745; *People ex rel. Warren* v. *Carter,* 109 N. Y. 576; *People ex rel. H. & M. R. R. Co.* v. *Tax Commissioners,* 143 App. Div. 26; *People ex rel. United Verde Copper Co.* v. *Feitner,* 54 App. Div. 217.) Relator in order to succeed must show not only that its property was overvalued but also that as a result of such overvaluation it is assessed on a higher basis of value than other properties on the assessment roll. (*People ex rel. Rickey* v. *Hunt,* 241 App. Div. 261; *People ex rel. Brown* v. *O'Rourke,* 31 App. Div. 583; *People ex rel. Powell* v. *Supervisors,* 54 Misc. Rep. 323; *People ex rel. Warren* v. *Carter,* 109 N. Y. 576; *People ex rel. H. & M. R. R. Co.* v. *Tax Commrs.,* 143 App. Div. 26; *People ex rel. Suburban Investment Co.* v. *Miller,* 73 Misc. Rep. 214; *People ex rel. United Verde Copper Co.* v. *Feitner,* 54 App. Div. 217; *People ex rel. Ward* v. *Feitner,* 61 App. Div. 456; 168 N. Y. 677; *Sloman-Polk Co.* v. *City of Detroit,* 261 Mich. 689; *Clark* v. *Middleton,* 74 N. H. 188; *People ex rel. Powell* v. *Supervisors,* 54 Misc. Rep. 323.) The fact that an economic depression overcame the whole country is not justifiable cause for not following the ordinary standards set up by which real property may be assessed. (*People ex rel. Manhattan Ry. Co.* v. *Barker,* 146 N. Y. 304; *Great Northern Ry. Co.* v. *Weeks,* 297 U. S. 135; *People ex rel. Two Lakes Corp.* v. *Mathews,* 151 Misc. Rep. 294.)

*Benjamin W. Moore* and *Milton L. Romm* for respondent. Finders of the facts should not revert to pre-depres-

sion days for real property valuation. (*Heiman* v. *Bishop,* 272 N. Y. 83; *Great Northern Ry. Co.* v. *Weeks,* 297 U. S. 135.) Relator is entitled to relief upon the finding that the assessment overvalued its property to the extent of $325,895. (*Mercantile Nat. Bank* v. *Mayor,* 172 N. Y. 35; *People ex rel. Warren* v. *Carter,* 109 N. Y. 576; *People ex rel. Lehigh Valley Ry. Co.* v. *Burke,* 247 N. Y. 227; *People ex rel. Ward* v. *Feitner,* 61 App. Div. 456; 168 N. Y. 677; *Matter of Cahill* v. *Goes,* 242 App. Div. 423.)

O'BRIEN, J. Relator's real property in New Rochelle was assessed for the tax year 1933 as of the value of $1,629,475. The petition for certiorari alleges error by reason of overvaluation and inequality as required by section 290 of the Tax Law (Cons. Laws, ch. 60). The return denies these allegations and alleges that all the real property in New Rochelle was assessed at its full value. On the petition, the order of certiorari and the return a reference was ordered to take testimony in relation to the issues raised by the pleadings. The referee reported that the property was overvalued to the extent of $325,895. He made no express finding in respect to inequality but in his opinion cited the rule that " if overvaluation is proven, inequality is presumed."

In appraising the value of the land and buildings, the referee proceeded upon the correct theory. Evidence was produced in relation to the method of construction, depreciation and reduction in rental. The effect of the financial depression since 1929, which the referee considered, is also a proper element of present market value. (*Great Northern Ry. Co.* v. *Weeks,* 297 U. S. 135; *Heiman* v. *Bishop,* 272 N. Y. 83, 87.) Market value as of the date of the assessment is a question of fact which, when calculated by correct rules of law and supported by evidence, is not subject to review by this court. (*People ex rel. Warren* v. *Carter,* 109 N. Y. 576.)

Since the relator proved overvaluation, it has shown itself to be aggrieved within the meaning of section 290

of the Tax Law. It was under no obligation expressly to prove inequality. Courts will not assume that all property in the assessment district has been overvalued. Unless such is shown to be the fact, then the assessment of relator's property in excess of its full market value involves inequality. (*People ex rel. Ward* v. *Feither*, 61 App. Div. 456; affd., 168 N. Y. 677; *Matter of Cahill* v. *Goes,* 242 App. Div. 423.)

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.