## (November 23, 1938.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. WOOLLARD, Relator, Appellant, v. NICHOLAS J. FAHRENKOPF, as Commissioner of Assessments of the City of Albany, N. Y., and Others, Respondents. (Assessment of 1936, 67 North Pearl Street, 79 Chapel Street, 81 Chapel Street, 204 Washington Avenue.)

Rhodes, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents, with an opinion, in which Crapser, J., concurs.

HILL, P. J. (dissenting). Appeal from a final order of the Albany County Special Term in a tax certiorari proceeding which involved five properties in the city of Albany. The order reduced the assessment on 67 North Pearl street from $169,000 to $140,800; 79 Chapel street from $49,000 to $44,880; 166 Washington avenue from $31,000 to $17,600 and confirmed the assessments of $35,000 on 81 Chapel street and $19,000 on 204 Washington avenue as fixed by the commissioner of assessments. Relator appeals from all of the order except that reducing 166 Washington avenue. In connection with that assessment the Special Term confirmed the report of the referee. The assessments are for the year 1936. The referee's report was filed on June 25, 1937, and directed that the assessment roll of the city be corrected by reducing the assessments to the following amounts:

| | |
|---|---|
| 67 North Pearl street......................................... | $91,520 |
| 79 Chapel street............................................... | 29,040 |
| 81 Chapel street............................................... | 25,520 |
| 204 Washington avenue....................................... | 14,960 |

At the beginning of the trial before the referee it was " stipulated that inequality of assessed values exists generally throughout the City of Albany and said inequality exists to the extent of 12%; that after the referee determines the sound and reasonable market value of the parcel under review in this proceeding he shall allow the relator a further reduction for such inequality of 12%." The decision of the Special Term as to 67 North Pearl street was that the $169,000 assessment should be reduced by $9,000 for overvaluation and twelve per cent of $160,000 for inequality, and the assessment fixed at $140,800; that 79 Chapel street was underassessed except for inequality and that the full value instead of being $49,000

was $51,000; that this latter amount should be reduced by twelve per cent thereof, making the assessment for that property $44,880, and that the full value of the properties at 81 Chapel street and 204 Washington avenue were so much in excess of the values fixed by the commissioner of assessments that after deducting therefrom the twelve per cent stipulated inequality there was no overvaluation and the assessments for those two properties were fixed at the amount mentioned in the assessment roll.

Appellant calls attention to the manner in which the consideration of the referee's report was brought before the Special Term. The corporation counsel seeking an order to show cause on June 28, 1937, presented an affidavit which stated, " Wherefore, deponent prays that an order to show cause be issued as to why the referee's report should not be confirmed or such other relief granted as will further the ends of justice." The order was granted and made returnable at the Albany County Special Term on July 2, 1937, the direction therein being in conformity with the prayer of the corporation counsel as earlier quoted. Upon the return day relator appeared specially urging that the court was without power, under the terms of the affidavit and order, to take other steps than to adopt and " confirm " the referee's report. Authorities are cited indicating that under the alternative language," or such other relief granted as will further the ends of justice," a moving party may not have relief at variance with that specifically asked in a notice of motion. The Special Term treated the order as being without limitation. Possibly this was questionable under some of the authorities cited. However, the judge could have refused to hear the matter with limitation upon his powers. Then the proceeding would have gone before another Special Term or if the judge wished to keep the matter before himself, he could have granted a new order to show cause returnable forthwith. Slight procedural irregularities should not be given great weight unless a substantive right is affected.

Relator further complains of the delay, calling attention to the paragraph in the corporation counsel's affidavit which justified the granting of the order to show cause. " That it is necessary to have an early adjudication of these proceedings because of the fact that they involve the taxes to be paid upon assessments for the current year which became due and payable January 1, 1937." The Special Term did not decide the matter until March 18, 1938, eight and a half months after the matter was submitted. While no explanation is offered for this delay it does not present a reviewable issue.

The referee received proof as to the construction cost, depreciation, profitableness of use of the property, present and prospective, and market value as shown by sales. He also, under stipulation of the parties, inspected the property. Each of the foregoing items of proof should be considered in arriving at value. (*People ex rel. Amal. Properties, Inc.*, v. *Sutton*, 274 N. Y. 309; *Great Northern Railway Co.* v. *Weeks*, 297 U. S. 135.) The proof taken at the Special Term had to do solely with present income. The opinion of the Special Term indicates that overemphasis was given to that item, and in arriving thereat the following errors among others were made. Depreciation was given no consideration in connection with current income. The rate of return was computed upon the assessed valuation which is concededly twelve per cent below the true value upon which a return ordinarily is figured. As to one of the properties, the lease was in litigation and the amount assumed to have been received is not borne out by the facts. The

assessments on most of these properties have been fixed in two previous proceedings, one at least reviewed by this court and the Court of Appeals. The decision of the referee is substantially in conformity with those decisions and there have been no material changes in the value of this property or of property generally in the tax district.

The presumption that the assessing officials made a correct assessment may not be applied for the following reasons, (1) it is stipulated by the city that in the entire city of Albany there is twelve per cent inequality, (2) the referee after reviewing the property and taking proof did not adopt the assessments made by the commissioner of assessments as to any one of the five parcels of property involved, (3) the Special Term found a different valuation than the commissioner as to each one of the parcels, and (4) the corporation counsel does not ask to have the assessments as made by the commissioner adopted.

The order appealed from should be modified in so far as it is at variance with the report of the referee.

Crapser, J., concurs.