In the Matter of the Application of MELCROFT CORPORATION, Respondent, for a Writ of Certiorari Directed to WILLIAM J. WEISE, as Assessor of the Tax District Composed of the City of White Plains, Westchester County, State of New York, Appellant.

Second Department, February 28, 1939.

*Samuel Faile* [*William R. Condit*, Corporation Counsel, and *John H. Shetron* with him on the brief], for the appellant.

*Arthur D. Brennan*, for the respondent.

PER CURIAM. The proceeding is in certiorari, and was brought to review the 1936 assessment (for the 1937 tax) on the petitioner's property. The properties had been assessed at $562,000 and $31,500, respectively. The assessments were divided as follows: Lots 1 and 21, land, $270,000; building, $292,000; total $562,000; and lot 2, vacant land, $31,500.

The referee determined that the value of lots 1 and 21, including the building thereon, was $435,000, and the value of the vacant land, comprising lot 2, was $20,000. The reductions made on the ground of overvaluation were substantial.

In the opinion of this court the legal presumption of the correctness of the assessment of the land without the building was not overcome by the proof. Indeed the assessor's proof that the rate is the uniform rate applied to all land on the same street is not contradicted.

In appraising the value of the land and buildings a conclusion should be reached after consideration of the quality and method of construction, the depreciation, the profitableness of its use, present and prospective, and the market value as shown by sales in the vicinity. (*People ex rel. Amalgamated Properties, Inc.,* v. *Sutton,* 274 N. Y. 309; *Great Northern R. Co.* v. *Weeks,* 297 U. S. 135.) The difficulty of finding a market value for sales in abnormal markets and also the wide spread between experts as to the cost of reproducing the building are here present. Important concrete evidence in this case in determining value is the actual income-producing ability of the property. If the property yields a good income at all times, it is of secondary concern whether the general market conditions are good or bad. The average gross income for the years 1935, 1936 and 1937 was upwards of $57,000, increasing each year; and includes term leases to substantial tenants. The petitioner's expert set up a stabilized gross income of $65,000. Deducting from the gross income the reasonable, not artificial, elements of expense for taxes, etc., the net income is revealed. The testimony justifies that these expenses, as claimed by the petitioner, be adjusted by reducing the items of salaries of superintendent and assistant, for management and leasing, taxes and allowance for maintenance and repairs to the extent that in the opinion of the court the actual

net income is upwards of $30,000. This income, considered with the other elements usually applied, indicates a reasonable value, $523,615, being $270,000 for the land and $253,615 for the building. The value of the vacant land, being lot 2, is $31,500, as fixed by the assessor.

The order should be modified on the facts, the assessment for lots 1 and 21 fixed at $523,615 for land and building, and lot 2 at $31,500; and as thus modified the order should be affirmed, with fifty dollars costs and disbursements to appellant.

The amount of overvaluation of the building on lots 1 and 21 is fixed at $38,385.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, ADEL and TAYLOR, JJ.

Final order modified on the facts by fixing the assessment for lots 1 and 21 at $523,615 for land and building, and for lot 2 at $31,500; and as thus modified, unanimously affirmed, with fifty dollars costs and disbursements to appellant. Findings of fact twelfth and thirteenth contained in the decision are reversed and all conclusions of law are disapproved. New findings and conclusions will be made. Settle order on notice.