THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE A. WILLEY, Respondent, *v.* RALPH S. CARMICHAEL and MILTON C. DUFFY, Assessors of the City of Binghamton, and Others, Appellants.

Third Department, March 8, 1939.

*Samuel H. Pearis, Corporation Counsel* [*Herman F. Nehlsen, Assistant Corporation Counsel,* of counsel], for the appellants.

*Charles R. Stewart,* for the respondent.

CRAPSER, J. This is an appeal from a judgment entered on September 16, 1938, in favor of the relator-respondent, reducing the assessment of relator's property in the city of Binghamton, as assessed on the assessment roll in 1933, as follows: 168–170 Water street, from $57,000 to $47,000; 174–176 Water street, from $47,000 to $37,000; 53 State street, from $11,700 to $7,500.

The petition alleges:

*First.* That such assessments are incorrect and erroneous, being in each instance in excess of their cash value, market value, their reproduction value, less depreciation, and their true value, and that none of such properties can be made to or do produce a reasonable net income on such assessed valuation.

The respective amounts of such overvaluation in such assessments being as follows: 905,026, $16,400; 905,027, $14,800; 801,143, $5,400.

*Second.* That such assessments are incorrect and erroneous in that they are at a higher proportionate valuation than that of other properties in said city.

The proceedings were referred to and tried by an official referee, and upon the trial the relator-respondent offered two witnesses, the attorney for the relator-respondent, Mr. Charles R. Stewart, and the relator, Mr. Clarence A. Willey.

Mr. Stewart testified that he was an attorney practicing law for over thirty years in the city of Binghamton and was acquainted with the properties in question and under objection he gave a history of the business conditions on Water street adjacent and surrounding this property and gave testimony on what he called " the trend of business away from Water Street."

It must be remembered that these taxes were for the year 1933 and that the trial was in 1936.

The testimony of Mr. Stewart for the relator may be valuable as history, but it was not helpful in determining the question which was before the referee. The relator testified that the property at 168–170 Water street was constructed by his father. Seven thousand five hundred dollars was paid for the land in 1913, and the building, approximately fifty feet wide by a hundred feet in depth, was constructed five stories high. He testified that the gross receipts from 168–170 Water street for 1931, 1932 and 1933 were $16,377.50. The taxes, repairs and insurance cost $10,130, which left $6,247.50 for the net income, and, divided by three, it left a net income for each year of $2,082.50, and that net income, capitalized at six per cent, made the value of the property $34,708.33.

He testified that the total gross receipts for 174–176 Water street for the same period were $18,124.90; that the taxes were $5,242.96, and the repairs for three years $7,290.57; that the net income for three years was $5,591.37, and for each year $1,863.79, and that the net income, capitalized at six per cent, made the property valued at $31,063.

He testified that 53 State street was acquired about the 1st of January in 1931 or 1932 at an auction sale for $5,000; that he owned the property for three years and sold it for $7,000. The total receipts from rent in 1933 were $470, and that he paid $405.60 in taxes and $140.27 in repairs. That is, he testified, he paid out $75.87 more than he received.

At the time he purchased 53 State street for $5,000 there was a mortgage on it for $12,500, which he had assumed, and, therefore,

he was compelled to purchase it on a mortgage foreclosure of an earlier mortgage.

He testified that when he purchased 174–176 Water street on May 1, 1928, he paid $65,000 for it.

The appellants herein swore Harry Jung, who was a building constructor, designer and estimator, a superintendent of construction with over thirty years' experience. He testified that he had examined 174–176 Water street and 168–170 Water street. He testified as to the 168–170 Water street property, the replacement value in 1933, including depreciation, was $53,603, exclusive of land values. He described the kind of construction and the condition of the building fully.

He also examined 174–176 Water street and arrived at the replacement value for the year 1933 of $82,000, less depreciation of $39,360, which would leave a current value as of 1933 at $42,640, exclusive of land value.

David W. Jones was sworn for the appellants. He was a licensed architect and designer, and had been occupied in his profession at Binghamton since 1916. He testified that he estimated the replacement value, as of 1933, of the building at 168–170 Water street, after a full description of the same, at $81,540, and that the actual value less depreciation was $61,300, without any land value.

He figured the replacement value of 174–176 Water street at $79,000, and, allowing for depreciation, he valued it at $52,000, without land value.

James G. Brownlow was also sworn as a witness for the appellants. He was engaged in the real estate business in Binghamton and was very thoroughly acquainted with the property in the city. He had made an inspection of 168–170 Water street and 174–176 Water street. He made an appraisal of the property at 168–170 Water street, taking into consideration the construction of the building, location of the land, income, general movement of values in the locality, comparison with other assessments, the condition of the building and what sales had occurred and he arrived at a value as of 1933 of $78,050. He appraised 174–176 Water street in the same way at $51,393.76.

This witness was permitted to testify over objection that from an examination of the assessed values of land as they appeared in Exhibit E, in evidence, assessed to Clarence A. Willey, he found no inequalities in the assessment between Willey's land and the other land upon the exhibit.

The appellants presented no evidence relative to the State street property.

The referee says in his decision: " It appears that property generally, for the year 1933, in the vicinity of Binghamton was assessed

at 84 per cent of its full value as determined by the State Tax Commission, and by the Board of Supervisors of Broome County." I cannot find any proof to support this statement in the record.

The judgment reduces the assessment on 168–170 Water street from $57,000 to $47,000, and on 174–176 Water street from $47,000 to $37,000, and on 53 State street from $11,700 to $7,500.

The referee found that the assessed valuations were erroneous by reason of overvaluation and were erroneous by reason of the inequality to assessments of other property on the said roll assessed at eighty-four per cent of their full value while the relator's property is assessed at more than full value.

The official referee says that the relator having proven overvaluation of the said property, inequality is assumed.

The burden was upon the relator to show that there was:

*First.* Overvaluation and an inequality of assessments.

*Second.* That the owner is aggrieved thereby.

*Third.* The extent of the injury.

The determination of the assessors will not be disturbed unless it clearly appears that an injustice has been done and the assessment does not represent the fair value of the property assessed.

The papers in evidence in this case did not present any question as to inequality which the referee was called upon to decide.

The relator-respondent has failed to meet the burden of proof in relation to the properties at 168–170 Water street and at 174–176 Water street. He has presented no evidence of the value of the properties or of the replacement value, but has depended entirely upon capitalizing the net income. This method is not in itself sufficient to warrant sustaining the judgment in this case.

As to the property at 53 State street, the evidence presented by the relator is sufficient in the absence of any evidence by the appellants to sustain the judgment reducing the assessment upon that piece of property.

The judgment should be reversed as to 168–170 Water street and 174–176 Water street, and the writ of certiorari dismissed, and the judgment so far as it affects the State street property should be affirmed, with costs.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; BLISS, J., concurs in the result.

Judgment reversed on the law and facts as to 168–170 Water street and 174–176 Water street and the writ of certiorari dismissed, and the judgment so far as it affects the State street property affirmed, with costs.