THE PEOPLE OF THE STATE OF NEW YORK ex rel. HALL COURT, INC., Respondent, against COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Appellants.—

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents, in a memorandum. Schenck, J. (dissenting). Relator's expert has found the market value of this property to be the sales price. This property was not sold under ordinary circumstances in ordinary times, and clearly, the sales price alone cannot be the basis for the establishment of a market value. Reproduction cost less depreciation is an element that should

have been considered (*People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126), as well as rent received, location, condition of repair, accessibility and " all other elements which may be fairly considered as affecting the market value of real property in a given neighborhood." (*Heiman* v. *Bishop,* 272 N. Y. 83.) " In appraising the value of land and buildings a conclusion should be reached after consideration of the quality and method of construction, the depreciation, the profitableness of its use, present and prospective, and the market value as shown by sales in the vicinity." (*Matter of Melcroft Corp.* v. *Weise,* 256 App. Div. 291.) The effect of the financial depression since 1929 is a proper element to be taken into consideration in fixing present market value. (*People ex rel. Amal. Properties, Inc.,* v. *Sutton,* 274 N. Y. 309; *Great Northern R. Co.* v. *Weeks,* 297 U. S. 135.) Relator has failed to meet the burden of proof that there was overvaluation or inequality of assessment and has presented no evidence of market value except the sales price of the particular property, the assessment of which is under review. This, in itself, is insufficient. (*People ex rel. Willey* v. *Carmichael,* 256 App. Div. 421; *People ex rel. Arlene Apartments, Inc.,* v. *Heidel,* 256 App. Div. 885.) The order and judgment should be reversed and writ of certiorari dismissed.