In the Matter of MID-ISLAND SHOPPING PLAZA, INC., Respondent-Appellant, v. EMIL H. PODEYN et al., Constituting the Board of Assessors of the County of Nassau, Appellants-Respondents.—

Since petitioner's claim of over-assessment was based solely on the ground of inequality, it was incumbent upon petitioner to establish the ratio between the true value and the assessed value of real property in the tax district (*Matter of Wolf* v. *Assessors of Town of Hanover*, 308 N. Y. 416, 421). To prove that ratio, petitioner relied exclusively upon evidence of actual sales during the tax years of a large number of parcels in the County of Nassau, which had been selected by their expert witness according to an allegedly scientifically devised sampling method. The Board of Assessors attacks that method of proof, not because the sampling procedure as such was improper or inadequate to show the ratio, but on the ground that the applicable statutes (Tax Law, § 293; now Real Property Tax Law, § 720) require that the test parcels used to prove ratio must be selected either by mutual agreement of the parties or, if the parties fail to agree, by the court or referee upon application of either party. With respect to that limitation on the method of selecting test parcels, it is our opinion that the statutes provide for an exception by permitting without restriction " evidence as to actual sales of real property within " the tax district or assessing unit " that occurred during the year in which the assessment under review was made " (Tax Law, § 293; now Real Property Tax Law, § 720; cf. *People ex rel. Yaras* v. *Kinnaw*, 303 N. Y. 224, 228). The language of the statutes is without ambiguity and its meaning unequivocal. Hence, there is no justification for the interpretation of that plain language, urged by the board, which would limit evidence of actual sales to those sales which might affect the test parcels selected by agreement or by the court (cf. *McCluskey* v. *Cromwell*, 11 N. Y. 593, 601–602; *New Amsterdam Cas. Co.* v. *Stecker*, 3 N Y 2d 1, 6). In any event, the board is in no position to raise that question in this proceeding. The evidence of actual sales was introduced without objection, although no test parcels had been selected by the parties and no application had been made to the court for such a selection. Under such circumstances, the evidence with respect to actual sales was obviously introduced as direct proof on the issue of inequality, and the purpose of the receipt of such evidence must have been so understood. The board, also, is in no position to urge that the sales prices of the properties shown on petitioner's survey did not constitute the " evidence as to actual sales " allowed by the statutes (Tax Law, § 293; now Real Property Tax Law, § 720). Those sales prices were established by the documentary stamps on the deeds, under a stipulation by the parties that " the revenue stamps appearing on the deeds may be used as evidence of the sales price." While the board reserved its right to produce additional evidence with respect to the consideration in any sale, it failed to do so and under the circumstances the trial court was justified in accepting the petitioner's proof of actual sales offered under the parties' stipulation (cf. *Matter of New York, Lackawanna & Western R. R. Co.*, 98 N. Y. 447, 452–453; *Pines* v. *Beck*, 300 N. Y. 181, 187; *Matter of Wolf* v. *Assessors of Town of Hanover*, 308 N. Y. 416, 420–421, *supra*).

Consequently, the sales price was properly considered as showing value, in the absence of any proof to the contrary (cf. *Heiman* v. *Bishop*, 272 N. Y. 83, 88; *People ex rel. Parklin Operating Corp.* v. *Miller*, 287 N. Y. 126, 129). To prove the value of its own property, petitioner relied solely upon capitalization of net income. If it be assumed that value could not be shown exclusively by that method (but cf. *People ex rel. Hall Court* v. *Commissioner of Assessment & Taxation of City of Troy*, 266 App. Div. 699), there was also proof of replacement cost, adduced by the board; and such proof could be considered by the Special Term (cf. *Tumulty* v. *New York, New Haven & Hartford R. R. Co.*, 224 App. Div. 131, 135–136; *Behan* v. *Ivanhoe Co.*, 263 App. Div. 963). The court's findings as to the ratio between true value and assessed value prevailing in Nassau County, and as to the value of petitioner's property, are supported by the credible proof. Nolan, P. J., Ughetta, Kleinfeld and Pette, JJ., concur; Brennan, J., dissents and votes to reverse the order and to dismiss the petitions, with the following memorandum: It is my opinion that section 293 of the Tax Law (now Real Property Tax Law, § 720) permits the selection of test parcels only by mutual agreement of the parties, or, in the absence of mutual agreement, by the court or Referee; and that evidence of actual sales which occurred in the tax year is admissible only for the purpose of aiding in the establishment of the actual values of the test parcels agreed upon or selected, even though said sales occurred after the assessment date. The section did not provide for an alternate means of establishing inequality by the use of sales only. Therefore, petitioner failed to establish the ratio between the true value and the assessed value of the real property in the tax district.