■ In the Matter of J. W. MAYS, INC., Respondent-Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant-Respondent.— In consolidated proceedings to review the assessments of certain real property in the Borough of Queens, City of New York, for taxation for the tax years hereinafter mentioned, the parties cross-appeal as follows from a final order of the Supreme Court, Queens County, made March 19, 1963, upon the court's decision after a nonjury trial, which reduced the assessment for 1959–60 from $1,175,000 to $1,120,000; for 1960–61 from $6,350,000 to $5,775,000; and for 1961–62 from $6,350,000 to $5,875,000: The Tax Commission of the City of New York appeals from the entire order. The petitioner appeals from said order insofar as it failed to direct further reductions. Order modified on the facts by further reducing the assessments to the following amounts:

| Tax Years | Unimproved | Improved |
|---|---|---|
| 1959–60 | $ 750,000 | $ 750,000 |
| | | (improvement not completed) |
| 1960–61 | 1,000,000 | 5,400,000 |
| 1961–62 | 1,000,000 | 5,400,000 |

As so modified, order, insofar as appealed from by the respective parties, affirmed, with costs to petitioner. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Our calculation of the reproduction cost of the improvement, which took into consideration increased costs from the period of construction to the respective tax status dates, and also

depreciation, results in a valuation of $4,472,410 for 1960–61 and $4,467,464 for 1961–62. We have regarded these figures, plus the amount we have found as the worth of the land alone for those two respective years, $1,000,000, as the maximum at which the property could lawfully be assessed for those years (*People ex rel. Parklin Operating Corp.* v. *Miller*, 287 N. Y. 126). We have also given further significance to those figures by reason of our additional finding that the improvement is well suited to the site (*Matter of 860 Fifth Ave. Corp.* v. *Tax Comm.*, 8 N Y 2d 29). However, the economic worth of the improvement has persuasion (*People ex rel. Parklin Operating Corp.* v. *Miller*, *supra*; *Matter of Pepsi-Cola Co.* v. *Tax Comm.*, 19 A D 2d 56, 61; *People ex rel. Gale* v. *Tax Comm.*, 17 A D 2d 225); and on that theory we have reached the following valuations: unimproved for 1960–61 and 1961–62, $980,750 and $986,175, respectively; the building alone for said two years, $3,315,260 and $3,330,740, respectively. Considering the valuations we have found on. both theories, it is our opinion that the amounts to which we have reduced the assessments for those two years fairly reflect the worth of the property for those years. We also believe the reduction to $750,000 for 1959–60 is fair. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.