■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Bounded by Baltic Street and Other Streets, Duly Selected as a Site for Public School 322 in the Borough of Brooklyn. 664 BALTIC ST. REALTY CORP., Respondent.— In a condemnation proceeding, the condemnor appeals from so much of the second separate and last partial final decree of the Supreme Court, Kings County, dated February 25, 1972, as, after a nonjury trial, awarded $74,719 for Damage Parcel No. 21. Decree reversed insofar as appealed from, on the law and the facts, without costs, and proceeding remanded to Special Term for a further hearing and new findings in accordance with the views herein set forth. In our opinion, the trial court erred in basing its valuation upon the capitalization of income approach, adopted by one of the claimant's experts, as if the burned-out shell of the building had been completely reconstructed and renovated and the proposed lease with the Great Atlantic & Pacific Tea Company, Inc., executed and actually in effect on the day of the taking (Arlen of Nanuet v. State of New York, 26 N Y 2d 346). Although the property was not, at the time of taking, simply raw, vacant land, planned for development (see Matter of City of New York [Atlantic Improvement Corp.], 28 N Y 2d 465), neither was it improved with an already income producing structure which merely needed modernization to fairly achieve its full income potential (Matter of Port Auth. Trans-Hudson Corp. [Hudson Tubes Purposes], 48 Misc 2d 485, mod. on other grounds 27 A D 2d 32, mod. on other grounds 20 N Y 2d 457). It was, in truth, in substantially the same state as when purchased by the claimant, a shell of a building, unusable as such and producing no income. Under these circumstances, a condemnation award based upon capitalization of nonexistent income from a nonexistent supermarket does not fairly represent the market value of the parcel at the time of taking and instead constitutes impermissible damages for alleged contract frustration. Where, as here, condemnation apparently interrupts preparation of the property for its contemplated use, the best criterion of market value is the price a purchaser would pay for the property in the state of exploitation existing at the time title vests in the condemnor (Matter of City of New York [Chestnut Prop. Co.], 39 A D 2d 573). The indicia of value would thus include comparable sales, if any, and the recent purchase price paid by the claimant, plus perhaps some increment for whatever developmental enhancement or construction the claimant had contributed. The unexecuted lease, if only condemnation prevented its execution, could also be considered, but only insofar as potential rental income might influence a prospective purchaser in assessing fair market value, considering all factors involved (see Levin v. State of New York, 13 N Y 2d 87). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.