— In a consolidated proceeding to review assessments of certain real property in the *651 Borough of Queens, City of New York, for the tax years 1971/1972 through 1975/1976, petitioner appeals from so much of an order of the Supreme Court, Queens County, dated June 3, 1976, as, after a nonjury trial, dismissed the petitions for the tax years 1971/1972 through 1974/1975, and confirmed the assessments for those years. Order reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding remanded to Special Term for a further hearing and new findings in accordance herewith. The property in question is improved with a seven-story elevator apartment building, containing 178 apartments, which was erected in 1963. The assessment for each tax year in issue was a total of $1,920,000; the land was appraised at $220,000 and the building at $1,700,000. Petitioner-appellant agrees with the land appraisal, but values the building at only $30,000 for the tax years 1971/1972 through 1973/1974, and at $230,-000 for 1974/1975. The property has had a troubled financial history involving several mortgage foreclosures and money-losing years. Petitioner introduced uncontroverted evidence that as of 1973 the building was in a state of deterioration because of vandalism and a high vacancy rate existed. As a result of the situation an extensive rehabilitation program was undertaken which has had the effect of turning the premises into a profitable venture once again. After petitioner set forth the building’s history, its expert appraised the property using a method which fixed a value to the property as it existed after the rehabilitation and then for each year going back, he subtracted: (a) the cost of the rehabilitation; (b) the cost of carrying the property during the rehabilitation; and (c) the profit factor for the risks involved. Respondents did not introduce any evidence to support their assessment and rested at the end of petitioner’s case. In our opinion, petitioner has succeeded in overcoming the presumed validity of the assessments but, due to its misapprehension as to the proper method to be followed by its expert in the making of his appraisal, has failed to develop all of the factors relevant to the question of the value of this property in the tax years being reviewed. Consequently, the proceeding should be remanded for a new hearing where these issues may be fully explored (see Matter of Pepsi-Cola Co. v Tax Comm, of City of N.Y., 19 AD2d 56). In proceedings to review assessments on real property, the burden of proving that an assessment is erroneous rests upon the petitioner (People ex rel. Jamaica Water Supply Co. v State Board of Tax Comrs., 196 NY 39). This is because the presumption of regularity attaching to the assessor’s official acts creates a presumption of validity accorded to the valuation (People ex rel. Manhattan Ry. Co. v Barker, 146 NY 304). However, this presumption of validity does not take the place of evidence but serves solely to shift the burden of going forward; it disappears from the case as soon as credible evidence to the contrary is received (see People ex rel. Wallington Apts, v Miller, 288 NY 31). In Matter of Elmhurst Towers v Tax Comm, of City of N.Y. (34 AD2d 570, 570-571) the court said: "Reliance on a mortgage for purposes of valuation ordinarily should be of no concern to a tax assessor (Matter of Mid-Island Shopping Plaza v. Podeyn, 25 Mise 2d 972, 989, affd. 14 AD2d 571; cf. Glenwood Realty Co. v. City of East Orange, 78 NJ Super 67, 72). Construction and reproduction costs are only a maximum value for which property may lawfully be assessed (Matter of J.W. Mays, Inc. v Tax Comm., 21 AD2d 801, affd. 16 NY2d 529). With respect to income earning property held for income, the net income is usually the surest index of value (Matter of City of New York [Madison Houses], 17 AD2d 317, 320; cf. Matter of Mid-Island Shopping Plaza v Podeyn, supra).” The record demonstrates that both Special Term and respondents gave undue consideration to the mortgage *652 transactions and little or no consideration to the adverse financial history of the property during most of the tax years involved. Notwithstanding petitioner’s proof that the property was overassessed, we do not believe that its method of appraisal was proper in this case. While that method may be used in certain condemnation cases (see Matter of Port Auth. Trans. Hudson Corp. [Hudson Tubes Purposes], 48 Mise 2d 485, mod 27 AD2d 32, mod 20 NY2d 457; cf. Matter of City of New York [664 Baltic St. Realty Corp.] 44 AD2d 599), its usefulness and accuracy in finding a value at a past tax status date is questionable. A new hearing will enable the court to arrive at a correct valuation. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.